[No. 10389. Department One. November 14, 1912.]

CAMPBELL LUMBER COMPANY, *Respondent*, v. DEEP RIVER LOGGING COMPANY *et al., Appellants.*[1]

DEEDS—RESERVATIONS—CONSTRUCTION. Where a grantor of the northeast quarter of a section reserved the right to itself and assigns to pass over the lands for hauling timber products and transporting logs and timber, and at the time the deed was made, it also owned the northwest quarter of the section, from which it had sold the timber with right of removal within five years, the intent of the reservation was to preserve its right to remove its timber from the northwest quarter, and was for the benefit of the purchaser of the timber, to whom the right reserved could be assigned.

Appeal from a judgment of the superior court for Pacific county, Sol Smith, J., entered April 5, 1912, upon findings

[1]Reported in 127 Pac. 566.

in favor of the plaintiff, after a trial on the merits before the court, in an action to enjoin a trespass.  Reversed.

E. E. Coovert (B. S. Grosscup and W. C. Morrow, of counsel), for appellants.

Kollock & Zollinger and J. Bruce Polwarth, for respondent.

Crow, J.—On July 31, 1909, the Weyerhaeuser Timber Company, a corporation, then the owner of the north half of section 37, township 11, north, of range 8, west of the Willamette Meridian, in Pacific county, for a consideration of $18,000, sold and conveyed to the defendant Pacific Logging Company, a corporation, all timber on the northwest quarter, with the right to remove the same within five years.  On September 12, 1910, the Weyerhaeuser Timber Company, as party of the first part, sold, and by warranty deed conveyed, to the plaintiff, Campbell Lumber Company, a corporation, as party of the second part, the northeast quarter of the section.  The deed contained the following clause:

"The first party also expressly reserves and excepts unto itself, its successors and assigns, forever, the right at all reasonable times to freely pass and repass over said land or any part thereof, with persons, team, railway tracks, or in any other manner usual or customary in hauling or delivering timber, or timber products, so that the first party, its successors or assigns, shall always have the full right to transport logs, timber, or timber products, over said land in the usual and customary way."

Early in July, 1911, the defendant Pacific Logging Company, and the defendant Deep River Logging Company, a corporation, for the purpose of removing the timber from the northwest quarter, caused a logging road eight feet in width to be constructed, which for a distance of 300 feet crossed the northwest portion of the northeast quarter of the section owned by the plaintiff, Campbell Lumber Com-

pany.  This railroad was constructed without plaintiff's per-
mission or consent and against its protest.  On August 7,
1911, the Weyerhaeuser Timber Company executed and de-
livered to the defendant Pacific Logging Company the fol-
lowing written instrument, which was duly acknowledged:

"Whereas the Weyerhaeuser Timber Company, a corpora-
tion of the state of Washington, having sold to the Campbell
Lumber Company and conveyed to them by deed dated Sep-
tember 12, 1910, the NE quarter of sec. 35, township 11,
north, of range 8, west of the Willamette Meridian, and re-
served in said deed the following exception and reservation,
to wit:

"The first party also expressly reserves and excepts to
itself, the successors and assigns, forever, the right at all
times to freely pass and repass over said land or any part
thereof with persons, teams, or railway tracks, or in any
other manner usual or customary, in hauling or delivering
timber, or timber products, so that the first party, its suc-
cessors or assigns, shall always have the full right to trans-
port logs, timber, or timber products over said land in the
usual and customary way.

"Now therefore for and in consideration of one ($1)
dollar to it paid by the Deep River Logging Company, a
corporation of Oregon, hereby grants, bargains, sells, rati-
fies and confirms to the said Deep River Logging Company,
and to its successors and assigns, the right to pass and re-
pass with persons, teams, railway tracks and transport logs,
timber and timber products over the same, in the usual man-
ner over and across the NE corner of sec. 35, township 11,
north, of range 8, west of the Willamette Meridian, for the
purpose of hauling and transporting saw logs taken from
the NW quarter of sec. 35, and sec. 34, all in township
eleven, north of range 8, west of the Willamette Meridian
until such timber and logs are all removed; said rights hereby
granted being excepted and reserved in that certain deed
made by the said Weyerhaeuser Timber Company to the
Campbell Lumber Company, of date September 12, 1910,
hereby ratifying and confirming the said right and privilege
heretofore given to said Deep River Logging Company."

This action was commenced by the plaintiff, Campbell
Logging Company, against the Deep River Logging Com-

pany and Pacific Logging Company, to enjoin them from trespassing upon the northeast quarter, and from operating the logging railroad thereon. From a decree in plaintiff's favor, the defendants have appealed.

The appellant Deep River Logging Company constructed and operated the railroad at the instance of appellant Pacific Logging Company, to aid it in removing timber from the northwest quarter, and on the trial it was conceded that the Deep River Logging Company has no vital interest in this action, the real contest being waged between appellant Pacific Logging Company and respondent, Campbell Lumber Company.

· Appellants contend that the reservation or exception in the deed for the northeast quarter, from the Weyerhaeuser Timber Company to respondent, is an easement appurtenant to the northwest quarter, the dominant estate; while respondent contends that it is not an exception or easement but a reservation in gross, personal to the Weyerhaeuser Timber Company, which cannot be assigned to or enjoyed by the Pacific Logging Company. On the facts presented, it seems to us that it is not necessary to determine whether the clause is an exception, reservation or easement. The Weyerhaeuser Timber Company retained title to the northwest quarter when it sold the timber to the appellant Pacific Logging Company. It is to be presumed that in so doing it desired the removal of the timber within the stipulated period of five years. To facilitate such a removal, it afterwards made the reservation contained in its deed to respondent. The intention of the parties should be ascertained from the instruments, and when ascertained should be enforced. In the recent case of *Delano v. Luedinghaus*, 70 Wash. 573, 127 Pac. 197, this court said:

"Much of the briefs is taken up with the discussion of the difference between an exception and a reservation. We shall not review the cases cited by either side, nor go into the primary definitions of these terms. They were defined in *Biles*

*v. Tacoma, Olympia & Grays Harbor R. Co.*, 5 Wash. 509, 32 Pac. 211. The court there said, and justly so, considering the authorities, that 'While it is true that there is a technical legal distinction between an exception and a reservation, it is also true that whether a particular clause in a deed will be considered an exception or a reservation depends not so much upon the words used as upon the nature of the right or thing excepted or reserved.' In each case the equities of all the parties must be considered in arriving at the intent of the deed. . . . Reservations and exceptions are almost invariably made for the benefit of the grantor, and when so made, courts will not resort to technical rules to defeat or limit them."

The intention sought to be expressed in the deed from Weyerhaeuser Timber Company to respondent is so manifest that it cannot be misunderstood. The Weyerhaeuser Timber Company then held, and still holds, title to the northwest quarter of the section, from which it had sold the timber to appellant, the same to be removed within five years. The Weyerhaeuser Timber Company made the reservation or exception in its deed to respondent so that it or its assigns might remove timber from the northwest quarter as well as other lands which it then owned. Appellant was removing the timber as assignee of the Weyerhaeuser Timber Company, and was entitled to the benefit of the reservation or exception in the deed to respondent. Other facts presented disclose equities in favor of appellant, but they need not be here stated, as we hold that appellant Pacific Logging Company had the right to construct and use the logging road across the northeast quarter.

The judgment is reversed, and the cause remanded with instructions to dismiss.

MOUNT, C. J., PARKER, CHADWICK, and GOSE, JJ., concur.