THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY and Others, Appellants.

*Grant of land under water by the city of New York — exception and reservation of land within street boundaries — pier erected by the grantee, on the excepted land, under a resolution of the common council — right of the city to maintain ejectment.*

A grantor, who states in his deed that he excepts therefrom a certain portion of the land for a certain purpose, cannot be held to have conveyed that which he has exrpessly excluded by the deed, becauses he afterwards devotes it to a different purpose.

In 1848 the city of New York granted to an individual certain land under water owned by the city, by a conveyance which expressly excepted from the grant that portion of the land which was within the limits of certain streets, one of which was Thirty-ninth street, shown upon a map annexed to the conveyance, which exception was stated to be made for the uses and purposes of public streets, avenues and highways.

In 1850 the common council passed a resolution to the effect that a water grant at the foot of Thirty-ninth street be given to the said grantee, provided he built a pier there at his own expense; a pier was built, but in 1890 the common council revoked the authority for the maintenance of the pier, and the city thereupon brought an action of ejectment for the land under water included in the lines of Thirty-ninth street, on which the pier stood, against the parties who then held through mesne conveyances under the original grant, and recovered judgment.

*Held*, that as the land in suit was excepted from the original grant the city had not parted with title thereto and was entitled to recover its possession;

That it was immaterial for what purpose it was excepted from the grant, and that there was no ground for claiming that the only exception from the grant was the right to wharfage and cranage arising from that part of the grant within the boundaries of Thirty-ninth street, and not the land itself;

That the fact that the grantee constructed the pier at his own expense under the resolution of the common council, could not act as an estoppel against the city, since the common council had no power to make a grant of land under water in that manner;

That the doctrine that an action of ejectment will not lie to recover an incorporeal hereditament was not applicable;

That no authority was conferred by the resolution of the common council of 1850 which amounted to a legal license for the occupation of the land in suit for a pier, so as to exempt the occupants from liability for damages, although such occupants were without notice of the revocation in 1890 of any rights which had been granted by the resolution of 1850.

APPEAL by the defendants, the New York Central and Hudson River Railroad Company and otliers, from a judgment of the

Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 18th day of March, 1891, upon a verdict directed by the court after a trial at the New York Circuit.

*H. H. Anderson*, for the appellants.

*D. J. Dean*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover land under water forming part of what is known, on the map or plan of the city of New York, as Thirty-ninth street, together with the pier erected. thereon and the mesne profits arising therefrom. The facts in this case are undisputed and, therefore, only questions of law are presented.

It appears that on the 16th of November, 1848, the city granted to James N. Cobb, as trustee for Sophia V. D. Laing, certain land under water extending from high-water mark to Eleventh avenue, and from the middle of Thirty-ninth street to the middle. line between Thirty-eighth and Thirty-ninth streets.

From this grant was excepted so much of the land embraced within the foregoing description as formed parts or portions of Thirty-ninth street and Twelfth and Thirteenth avenues, for the uses and purposes of public streets, avenues and highways. In and by said grant the grantee agreed that he would, within three months next after he should be thereunto required, at his cost, build, erect, make and finish, according to any resolution and ordinance of the city of New York already passed, or that might be thereafter passed, three good and sufficient bulkheads, wharves, avenues or streets which shall form so much and such parts of Thirty-ninth street and Twelfth and Thirteenth avenues as fall within the limits of the premises first described, and which were excepted as aforesaid from and out thereof for public streets.

In 1850 Cobb applied to the common council for permission to build a pier at Thirty-ninth street, and the council passed the following resolution :

" *Resolved*, that a water-grant at the foot of 39th street, North River, be given to James N. Cobb, provided that he shall build, at his own expense, a good and substantial pier at the foot of said street

under the direction of the street commissioner, the same to be completed in one year."

It would seem that a pier was built upon this property, and under various mesne conveyances whatever rights the defendants had in said land were conveyed to them. In 1890 a resolution was passed by the common council revoking the authority for the maintenance of the pier in question. And this action in ejectment was subsequently brought resulting in the judgment for the plaintiff from which this appeal is taken.

The claim of the defendants seems to be based upon the assumption that by the grant made in 1848 as above stated, some right was conveyed to the grantee over the land upon which the pier in question, which forms the subject-matter of this action, was built. This contention clearly cannot be sustained. The land upon which this pier was built belonged to the city of New York, and it was in pursuance of the ownership of the land under water that the grant in question was made to the grantee above named. But by this grant there was expressly excepted the soil embraced within the limits of the streets shown upon the map annexed to the conveyance. It is true that in the conveyance, it was stated that such exception was made for the uses and purposes of public streets, avenues and highways. But it is entirely immaterial for what purpose the exception was made if the land in question was not included in the grant, as clearly it was not. A grantor who states in his deed that he excepts a certain portion of the land because he wants it for a certain purpose, cannot be held to have conveyed that which he has expressly excluded because he afterwards devotes it to a different purpose. The land in question was not included in the grant, and, therefore, no title passed. And there is no room for any claim that all that the common council reserved out of the water grant of 1848, was the right to wharfage and cranage arising from that part of the grant within the Thirty-ninth street boundaries. They actually excepted the land; did not give any title; did not intend to give any title; and the fallacy of the defendants' position rests upon the assumption that only rights of wharfage and cranage formed the subject-matter of the grant of 1848; whereas it was a conveyance of land under water, the property being described as " all that certain water lot, vacant land and soil under water to be made land

and gained out of the Hudson or North River;" and out of this conveyance is excepted the land upon which the pier was erected.

But it is said that the common council, having in April, 1850, passed a resolution that a water grant at the foot of Thirty-ninth street be given to the defendants' predecessor in title, provided that he should at his own expense build a pier, entered into an agreement by which the corporation agreed that in consideration of the construction of the pier such predecessor should have a water grant, *i. e.*, the right of wharfage at the front of Thirty-ninth street, which was the only right retained by the city of New York in the grant of 1848. This proposition rests upon the assumption that the right of wharfage at the foot of Thirty-ninth street was the only right retained by the city of New York in the grant of 1848, which we have already seen is a fallacious construction of the grant under which the defendants claim. And, furthermore, it is difficult to see how the title to real estate can be passed by resolution, the more particularly as the common council, under the ordinances which were binding upon it, had certainly no power to make any grant in the manner in which it was attempted to be done in the case at bar. The commissioners of the sinking fund have control over grants of land under water, and the provisions of the ordinances in respect to such control were in nowise complied with. The fact that under such resolution the grantee in the water grant constructed this pier and was permitted to construct it could not act as an estoppel upon the plaintiffs. If the common council could not grant, they could not authorize an act to be done which would operate as an estoppel, because an estoppel arises only where the act is done in pursuance of an authority received from a source or permitted by a party capable of granting the right.

It is further suggested that an action in ejectment will not lie to recover an incorporeal hereditament. But the subject-matter of this action was not an incorporeal hereditament. It was the land upon which this pier stood, and the erections which had been unlawfully put upon such land. And in the case of *Mayor* v. *Law* (125 N. Y. 380) this form of action is expressly approved.

It is further urged that the court erred in directing a verdict for six years' damages, as the defendants had received no notice of the revocation in April, 1890, of any rights which had been granted by

the resolution of 1850. This position would undoubtedly be correct if any authority had been conferred by the resolution of 1850, which amounted to a legal license of occupation by the person named in such resolution of the land in question for the purpose of the erection of a pier. It having been already shown that the common council had no power to grant this land under water, it does not seem to be necessary to repeat the argument for the purpose of showing that they had no power to license. Having no power to grant, they had no power to dispose of the possession of the land in question for any purpose whatever.

It would seem that the case of *The Mayor* v. *Law* (above cited) has disposed of all the questions involved in this case, and that no error was committed upon the part of the court.

The judgment appealed from should be affirmed, with costs.

FOLLETT, J., concurred.

Judgment affirmed, with costs.

