## ESSEY MAY MARTIN v. FRANCES V. D. COOK.

*Deed—Construction—Reservations and exceptions.*

102    267
128    193
102    267
153  ¹ 13

1. A father conveyed certain mortgaged lands, and inserted in the deed a clause reserving unto himself and a daughter, naming her, a life lease of the land "for and during the life of each of them." After the death of the father, the mortgage was foreclosed by advertisement, and the daughter filed a claim under How. Stat. § 8510, to the surplus arising on the sale, or to the use of such surplus during her natural life. And it is held that the language used excepted from the grant the use and enjoyment of the land during the lives of both father and daughter, as effectually as though that reservation had been for a fixed term of years, extending beyond the life of the father, and that at the father's death the right to that use for the unexpired portion of the period descended to his heirs.

2. The following general propositions are summarized from the opinion of Chief Justice MCGRATH:

   *a*—A deed should be so construed as to give effect to the intent and design of the parties as manifested by the language used.

   *b*—The words "reserving" and "excepting" are often used indiscriminately, and whether a particular provision is an exception or a reservation does not depend upon the use of either term, but upon the nature and effect of the provision itself.

   *c*—From an examination of the cases cited in the opinion, and the decisions of the courts of this country, generally, upon the question here involved, it will be observed that, while the rule that a reservation in favor of a stranger to the instrument is invalid as a reservation has been adhered to, yet, in order to effectuate the intention of the grantor, such a reservation has uniformly been treated as excepting from the grant the thing reserved; and this holding has not been confined to cases where the reservation had been previously carved out.

Appeal from Livingston. (Person, J.) Argued April 4, 1894. Decided October 16, 1894.

Petition for the surplus arising on the foreclosure of a mortgage by advertisement, or for the use of the same

during the life of the petitioner. Defendant appeals. Decree reversed, and record remanded, with directions to enter an order in accordance with the opinion. The facts are stated in the opinion.

*D. Shields* and *John Cummiskey,* for petitioner.

*W. P. Van Winkle,* for defendant.

McGRATH, C. J.   William H. Martin and wife executed a mortgage upon certain lands to one Rogers. Afterwards Martin (then a widower) conveyed the lands to one Harrington. The deed contained the following clause:

"Reserving unto the said William H. Martin and Essey May Martin a life lease of said above-described premises, for and during the life of each of them."

Essey May Martin is the daughter of the grantor. Harrington conveyed to C. H., and C. H. to defendant. The deed from C. H. to defendant contains a like clause, and a further clause excepting the mortgage from the warranty, the grantee assuming the same. William V. D. Cook, as assignee of the Rogers mortgage, foreclosed the same. A surplus was left after paying the mortgage, and Essey May Martin files her petition under How. Stat. § 8510, claiming an interest in said surplus. The court below held that she had an interest, and defined it, and defendant appeals.

It is insisted that the clause referred to cannot be held to be an exception, and that as a reservation it is void, because made in behalf of a stranger to the deed.

The well-established rule is that a deed should be so construed as to give effect to the intent and design of the parties as manifested by the language used. Shep. Touch. 86; *Bridger v. Pierson,* 45 N. Y. 601; *Iron Co. v. Reymert,* 45 Id. 703; *Mitcalfe v. Westaway,* 17 C. B. (N. S.) 658; *Richardson v. Palmer,* 38 N. H. 212; *Corning v.*

*Nail Factory*, 40 N. Y. 209; *Hall v. City of Ionia*, 38 Mich. 493; *Erickson v. Land & Iron Co.*, 50 Id. 604; *Bassett v. Budlong*, 77 Id. 338.

In *Mitcalfe v. Westaway* it is said:

" All contracts are to be so construed as to give effect to the intention of the parties, even though in some cases this occasions a departure from the strict literal sense of the words used."

In *Bridger v. Pierson*, B. had a right of way across A.'s land, and, in conveying to C., A. reserved the right of way to B. Held, that although, strictly, a reservation in a deed is ineffectual to create a right in any person not a party thereto, yet, there being in fact a right of way existing at the time of the grant, the clause must be construed as an exception from the property conveyed.

In *Iron Co. v. Reymert* the deed reserved to one Pratt (a stranger to the deed) " the right he has to the ore bed and the right of way to the West Point foundry as now used." The court say: "A reservation in a deed will not give title to a stranger, but it may operate, when so intended by the parties, as an exception."

In *Corning v. Nail Factory*, A. granted certain land to B., reserving one acre to C. Held, that as a reservation it would be void, it being in behalf of a stranger to the deed. It was therefore held to be an exception of the acre, although C. took nothing.

In *Richardson v. Palmer*, land was conveyed, " reserving to the public the use of the road through said farm; also reserving to the White Mountains Railroad the roadway for said road, as laid out by the railroad commissioners; and also reserving to myself the damages appraised for said railroad way by the commissioners." The court say:

" The result at which we arrive, therefore, upon a careful examination of the deed, and a deliberate consideration of all the circumstances under which it was executed, is

that the plaintiff must have intended to sell, and Streeter to purchase, the Gay Young farm, just as it was at the date of the conveyance, subject to the incumbrance of the public highway and of the White Mountains Railroad, as laid out through it, the plaintiff retaining his claim for the unpaid damages awarded for the laying out of the railroad; and that proper and apt words were used in the deed of conveyance to carry out that intention, without resorting to any doubtful construction, or giving to the grantee any advantage from the imperfection or uncertainty of the phraseology employed; the words expressing a reservation being made to operate, as only under the circumstances they can operate, as an exception to the general terms of the grant which precedes them."

In *Hall v. City of Ionia,* Mr. Justice CAMPBELL, speaking for the Court, says:

"It is manifest from the conveyances of Samuel Dexter that, if it is legally possible for him to secure and retain for himself the right to the water and the right to divert it into an artificial channel, he has done so. It is not at all important to find any technical name for his method, or to spend time in the legal etymology of 'exceptions' and 'reservations,' which terms have been used with some carelessness and confusion. The general, and, as we think, the correct, method of construing such provisions as those in question, is to give them the force which the deeds evidently intended they should have."

Again, in *Erickson v. Land & Iron Co.* it is said:

"The authorities are not as clear or as consistent as they might be, and it is evident many of the decisions are based somewhat on local peculiarities and statutes. With our simple allodial tenures, the rules cannot be precisely similar to those applicable in some of the English estates. Without considering these authorities at length on points which here are abstract, we need only remark, that, in the absence of legislative changes, we think the common-law rule rejecting reservations repugnant to the grant, and the rules determining what rights are personal and do not run with land, cannot be disregarded; while, on the other hand, the mere form of the deed, and the technical phrases as to exceptions and reservations, should not prevent any lawful provisions in a deed from being carried out according to its unambiguous intention."

In *Bassett v. Budlong*, Mr. Justice CHAMPLIN says:

"Every deed or contract in writing is supposed to express the intention of the parties executing it, and, when the object or purpose of such deed or contract is, called in question in a court of justice, the first inquiry is, what is the intention of the parties, as expressed in the written instrument?"

In *Maynard v. Maynard*, 4 Edw. Ch. 711, the father deeded to his son, "excepting and reserving to my three daughters, H., E., and R., a right of living on the said before-mentioned premises, as heretofore, so long as they shall respectively remain single." Prior to the execution of the deed, the daughters lived with their father, and were supported with the rest of his family on the farm, and they so remained with the grantee until his death, and were still on the farm. The court gives to the terms "reservation" and "exception" their technical signification, and holds that the language used has no force or effect either as an exception or a reservation; nevertheless that—

"The revised statutes having abolished the common-law mode of conveyance by feoffment with livery of seisin, and converted deeds of bargain and sale and lease and release into grants, and at the same time abrogated the doctrine of implied covenants in conveyances of real estate, and abolished uses and trusts, except as therein expressly authorized, and then having declared that 'in the construction of every instrument creating or conveying, or authorizing the creation or conveyance of, any estate or interest in lands, it shall be the duty of courts of justice to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument and is consistent with the rules of law,' the only thing the court has to do is to ascertain the 'intent,' and, when that is done, to carry it into effect. * * * Looking into the deed in question, it is easy to perceive that the grantor, in making the conveyance of the farm to his son, not only intended to settle the property upon him by way of gift or advancement, but, at the same time, to make a provision out of it for his three daughters. The extent of

that provision is another question. But, whatever it may be, the court is bound to give effect to the clause of the deed in which it is contained, and to award to them the benefit of it according to the clear intention of the whole instrument; for, although the clause is not good as a technical exception or reservation, yet it is good as denoting an intention which is not inconsistent with the rules of law."

The words "reserving" and "excepting" are often used indiscriminately, and whether a particular provision is an exception or a reservation does not depend upon the use of either term, but upon the nature and effect of the provision itself. *Hurd v. Curtis*, 7 Metc. 94; *Stockwell v. Couillard*, 129 Mass. 231; *Kister v. Reeser*, 98 Penn. St. 1. In the last case cited, it is said:

"These terms are often used in the same sense, the technical distinction being disregarded. Though apt words of reservation be used, they will be construed as an exception if such was the design of the parties. Thus, when a deed in fee of land was made, the grantor 'saving and reserving, nevertheless, for his own use, the coal contained in the said piece or parcel,' *　　*　　*　　 it was held that the saving clause operated as an exception of the coal;" citing *Whitaker v. Brown*, 46 Penn. St. 197.

From an examination of the cases cited, and the decisions of the courts of this country, generally, upon the question here involved, it will be observed that, while the rule that a reservation in favor of a stranger to the instrument is invalid as a reservation has been adhered to, yet, in order to effectuate the intention of the grantor, such a reservation has uniformly been treated as excepting from the grant the thing reserved. Nor has this holding been confined to cases where the reservation had been previously carved out. It has been repeatedly held that a conveyance of land, reserving or excepting the dower interest of a stranger to the deed, was a good exception. *Canedy v. Marcy*, 13 Gray, 373; *Meserve v. Meserve*, 19 N. H. 240;

*Crosby v. Montgomery,* 38 Vt. 238; *Swick v. Sears,* 1 Hill, 17.

It was held in *Marshall v. Trumbull,* 28 Conn. 183, that an interest retained by a grantor out of the body of the thing granted is rather an exception from the grant than a reservation.

In *Murphy v. Merritt,* 3 Jones (N. C.), 37, under a deed of gift of slaves, "reserving unto myself and to my wife, M., the use during the term of our natural lives," it-was held that the ulterior donee was not entitled to the property until both these lives were extinct.

In *Logan v. Caldwell,* 23 Mo. 372, Logan conveyed a parcel of land to Caldwell in fee, with the following clause: "With this exception: that said John Logan reserves the use of said tract of land and farm thereon, or the rents and profits arising from it, during his life and the life of his wife." Logan's wife survived him. Held, that the language did not create any estate in the wife; that the entry of the defendant under the deed impliedly raised on his part a promise to pay for the use and occupation of the land; and that the promise was transmissible to Logan's personal representatives.

It will be observed, however, that in nearly all of the cases referred to the title of the party in whose favor the exception was made, or who claimed the excepted thing, did not depend upon the instrument containing the exception. In *Keeler v. Wood,* 30 Vt. 242, Elijah Wood died, intestate, seised of certain lands. Elmer R. Wood, a son, conveyed by warranty deed a portion to one Lawrence, whose wife was a daughter of Elijah Wood, with a reservation in favor of "our mother, Mary Wood." No controversy arose until after the death of Mary Wood, when, in a suit against the grantor upon the covenant of warranty, it was insisted that the reservation was of the fee,

but the court held that it was of but a life estate; so that the question here involved was not reached in that case.

The language here used must, we think, be treated as excepting from the grant the use and enjoyment of the land conveyed, during the lives of both father and daughter, as effectually as though that reservation had been for a fixed term of years, extending beyond the life of the father, and, at the death of the father, the right to that use for the unexpired portion of the period must be held to have descended to the heirs of William H. Martin. This construction gives to the grantee the estate which both parties to the instrument evidently intended that he should take.

It does not appear from the record that petitioner is the sole heir. The record will therefore be remanded, with directions to set aside the order heretofore entered, for the proper determination of that question, and the entry of an order, after such hearing, in accordance with this opinion. No costs will be allowed.

The other Justices concurred.