[No. 10681. Department One. October 24, 1912.]

COLUMBUS DELANO et al., Appellants, v. F. W. LUEDINGHAUS et al., Respondents.[1]

DEEDS——EXCEPTIONS——CONSTRUCTION AND OPERATION. Where grantors owned timber land beyond the granted land, and a sawmill to which the timber must be brought across the land conveyed, a reservation in the deed "excepting a strip of land thirty feet wide . . . for road purposes," must be reasonably construed as for the benefit of the grantor; and the use of a portion of the strip for a logging road, retaining the right of ingress and egress to the grantees, is not inconsistent with the terms of the exception clause, in view of the attendant facts and circumstances.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered January 22, 1912, in favor of the defendants, after a trial before the court, dismissing an action for an injunction. Affirmed.

*Forney & Ponder* (*W. W. Langhorne*, of counsel), for appellants.

*W. A. Reynolds*, for respondents.

[1]Reported in 127 Pac. 197.

CHADWICK, J.—Defendants were the owners of an irregular tract of land near the village of Dryad, in Lewis county, where they have been for some time past operating a sawmill. On September 2, 1907, defendants conveyed to one Smith, by deed of general warranty, a part of this land. The part conveyed is described by metes and bounds, and the description concludes as follows: "containing 1.21 acres more or less, excepting a strip of land thirty feet wide on the north side of said R. R. right of way for road purposes." Thereafter Smith conveyed to plaintiffs. Other tracts had been, and have since been, conveyed by respondents, and in the several deeds executed by them, a similar exception has been made. Respondents have for a long time and do now own timber lands to the west and northwest of the tract so conveyed, and have built a private logging railroad along and over the thirty-foot strip of land, over which they are transporting timber and logs to market. This action is brought to restrain defendants from further operating their logging road, and for damages; it being the theory of the plaintiffs that the exception in the deed operates as a reservation of an easement only in the grantors, and that they cannot put it to any use other than for ordinary highway purposes; that the building and operation of a steam railroad is an additional servitude which cannot be imposed without meeting those obligations which have long been adjudged to be due upon the invasion of a private right. The trial judge held that the grantors excepted a strip intending to reserve the fee, and that so long as the ingress and the egress of the grantors was not cut off, the plaintiffs were without remedy.

The ties in the logging road are laid thirty inches from the fence inclosing the Northern Pacific right of way, and are eight feet long, thus leaving a strip of considerable width between the logging road and the premises occupied by plaintiffs. The only question before us is the effect of the words "excepting . . . for road purposes." It will be noticed that the description includes the thirty-foot strip. It

is argued that this indicates a grant and reservation. Such descriptions are the most convenient, and deeds are usually made in that form whether the fee is retained or an easement only is reserved.

Much of the briefs is taken up with the discussion of the difference between an exception and a reservation. We shall not review the cases cited by either side, nor go into the primary definitions of these terms. They were defined in *Biles v. Tacoma, Olympia, & G. H. R. Co.*, 5 Wash. 509, 32 Pac. 211. The court there said, and justly so, considering the authorities, that "While it is true that there is a technical legal distinction between an exception and a reservation, it is also true that whether a particular clause in a deed will be considered an exception or a reservation depends not so much upon the words used as upon the nature of the right or thing excepted or reserved." In each case the equities of all the parties must be considered in arriving at the intent of the deed. In the case at bar, respondents owned all the land out of which the thirty-foot strip is excepted. They own timber land beyond. They operate a sawmill, which admittedly cannot be operated at the place where located without logs which must be brought to it by ordinary and customary means of transportation. And, although appellants may complain that the reservation, if it is so called, is in legal effect an implied dedication for ordinary highway purposes and cannot be used as a right of way for respondents' logging road, it is more in keeping with the probable intent of the parties to presume that respondents would not have parted with title to any part of their lands if they had understood that they would thereafter have to condemn a right of way over the excepted tract, a proceeding which might cost them more than the original value of the land sold. Reservations and exceptions are almost invariably made for the benefit of the grantor, and when so made, courts will not resort to technical rules to defeat or limit them.

The words "for road purposes" cannot be strictly construed in the light of the general rule, which is as follows:

"A reasonable construction should be given to a reservation or exception according to the intention of the parties, ascertained from the entire instrument. There should be considered, when necessary and proper, the force of the language used, the ordinary meaning of words, the meaning of specific words, the context, the recitals, the subject-matter, the object, purpose, and nature of the reservation or exception and the attendant facts and surrounding circumstances before the parties at the time of making the deed." 13 Cyc. 677.

In *Mayor etc. of New York v. New York Cent. & H. R. R. Co.*, 69 Hun 324, it was stated in the conveyance that the exception was for the uses and purposes of public streets, avenues and highways. The court held "a grantor who states in his deed that he excepts a certain portion of the land because he wants it for a certain purpose, cannot be held to have conveyed that which he has expressly excluded because he afterwards devotes it to a different purpose." See, also, *Matter of Commissioner of Public Works, of New York*, 135 App. Div. 561, 120 N. Y. Supp. 930.

But we are not required to go so far in the instant case. Nor would we be inclined to hold upon the present showing that a grantor could put the land to a use that would deprive his grantee of ingress and egress to and from his premises. Considering all the attending circumstances and the rights of all parties, our holding is that the use of the thirty-foot strip for a logging road, retaining the right of ingress and egress to the appellants, is not a use that is inconsistent with the terms of the exception clause.

Appellants have referred us to that line of cases wherein it is held that a street or highway cannot be devoted to the uses of a steam railroad without compensation to the abutting owner. Having held that the title to the thirty-foot strip is in the grantors, the respondents here, these cases have no application and will require no discussion. We are

also referred to the case of *Pacific Iron Works v. Bryant Lumber & Shingle Mill Co.*, 60 Wash. 502, 111 Pac. 578. That case was decided on the same principle upon which we have made this case rest; that is, the original intent or nature of the grant. In that case the deed was construed "as a whole and in the light of the purpose for which the grant was made," and having reference to the words granting the land, "for railway purposes, but if it should cease to be used for a railway, the said premises shall revert to said grantors, their heirs, executors, administrators or assigns," the court held, and properly so, that it was "a right of way or easement, and nothing more." There is no such expression in the deeds employed in this case. Nor are there any facts suggesting a limitation upon the exception made by the grantors.

The judgment of the lower court is affirmed.

MOUNT, C. J., PARKER, CROW, and GOSE, JJ., concur.