ULTZ *v.* UPHAM.

1. Deeds — Construction — Wills — Life Estate — "Heirs" — Words and Phrases.

Under a deed granting farm lands to the daughter of the grantors for her life and "at her death to her legal heirs excepting her present husband," containing covenants of seizin, warranty, and against incumbrances, and executed in conjunction with a life lease of the premises from the grantee to the grantors, the said daughter took a life estate with the remainder over to her legal heirs subject to the exception: the instrument was not testamentary in character.

2. Adoption—Heirs—Descent and Distribution.

The term "legal heirs," employed in the granting clause of a deed, included the adopted son of the grantee, who took title as if he had been an own child, under 3 Comp. Laws, § 8780 (4 How. Stat. [2d Ed.] § 11640), which provides that the persons adopting "shall thereupon stand in the place of a parent or parents to such child in law and be liable to all the duties and entitled to all the rights of parents thereto and such child shall thereupon become and be an heir at law of such person or persons, the same as if he or she were in fact the child" thereof.[1]

Appeal from Branch; Knowlen, J. Submitted June 13, 1913. (Docket No. 103.) Decided October 1, 1913.

Bill by Sarah I. Ultz against Charles Upham and others for the construction of a deed. From a decree for complainant, defendants appeal. Reversed.

*H. H. & B. E. Barlow,* for complainant.

*Clayton C. Johnson* and *Charles U. Champion,* for defendants.

---

[1] The question whether terms "child," "children," "issue," etc., in a will, include adopted children, is treated in a note in 27 L. R. A. (N. S.) 1158.

STONE, J. The question presented by the bill of complaint in this case is the construction of the granting clause of a certain deed therein described. No question is raised by the pleadings as to the jurisdiction of equity in the case or as to the practice. The history of the transactions involved is as follows:

The complainant and her husband, John A. Ultz, being the owners by the entireties of the E. ½ of the S. E. ¼ of section 19, town 7 south, range 8 west, Branch county, Mich., excepting one acre for burying ground, they on the 17th day of February, 1892, conveyed the said land to Ida A. Ultz Upham, one of their five children, by deed duly delivered, which deed contained the following provision:

"And by these presents do grant, bargain, sell, remise, release, alien and confirm unto the said party of the second part, for her lifetime only, and at her death to her legal heirs, excepting her present husband, Oscar J. Upham, their heirs and assigns, the intention of this instrument being to create a life estate only in said second party, and remainder in said second parties heirs, excepting therefrom her husband, also reserving from said conveyance a life estate in said first parties."

The habendum clause in said deed reads as follows:

"To have and to hold said premises as above described with the appurtenances unto the said party of the second part, and to her heirs and assigns as above set forth."

The covenants of seisin and against incumbrances are in the usual form, and the covenant as to possession is in the following words:

"And that the above bargained premises in the quiet and peaceable possession of the said party of the second part, her heirs and assigns, as above set forth, against all and every person or persons, lawfully claiming or to claim the whole or any part thereof, they will forever warrant and defend."

On the same day, to wit, February 17, 1892, Ida
A. Ultz Upham executed and delivered a life lease of
said above-described premises to John A. Ultz and
Sarah I. Ultz, and the survivor of them; the granting
clause of said instrument reading as follows:

"Does by these presents, grant, bargain, sell, re-
mise, release and forever quitclaim unto the said
parties of the second part, during the lifetime of both
of said second parties, and at the death of both of
said second parties to revert to said first party, heirs
and assigns. The survivor of said second parties to
have sole use during lifetime."

The habendum clause in said instrument reads as
follows:

"To have and to hold the said real estate to the
said parties of the second part, and to their assigns,
to the sole and only proper use, benefit and behoof
of the said parties of the second part, and assigns,
during their lifetime as aforesaid."

The expressed consideration in each of said deeds
was one dollar.

No child was born to Ida A. Ultz Upham during
her lifetime. On August 16, 1909, Oscar J. Upham
and Ida A. Ultz Upham regularly adopted under the
statute a child named Charles Sturm; the said
child thereafter being known as Charles Upham, who
is one of the defendants herein.

John A. Ultz died January 16, 1911. Ida A. Ultz
Upham died testate on December 2, 1911, and in
and by her last will and testament made and con-
stituted her husband, Oscar J. Upham, sole legatee
and devisee of all her estate, both real and personal,
and such will has been duly admitted to probate.

Upon the hearing evidence was offered on behalf
of complainant and received against the objection of
the defendants, tending to show that John A. Ultz
and Sarah I. Ultz, the grantors, intended to limit the

grant or remainder to themselves, if living, at the time of the death of Ida A. Ultz Upham, and, if not so living, to her brothers and sisters.

It was and is the claim of complainant that the words "legal heirs," used in the granting clause, and the word "heirs" in the habendum in the deed from John A. and Sarah I. Ultz to Ida A. Ultz Upham, were used in their customary and ordinary sense and did not include "contract heirs" or "adopted heirs," and that complainant, being the mother and only surviving parent of Ida A. Ultz Upham at the time of her decease, became and was entitled to the property in question under the statute of descent then in force. From a decree in favor of complainant, the defendants have appealed.

On the part of the defendants it is not claimed that either of them acquired any title to the lands in question under said will, but it is claimed that Charles, the adopted child of the said Oscar J. Upham and Ida A. Ultz Upham, is a legal heir within the meaning of the deed executed to Ida A. Ultz Upham and as such took the remainder limited to the heirs of Ida A. Ultz Upham on the death of the latter, subject to the life estate of Sarah I. Ultz; the complainant, and that the deed and life lease should be construed together. It is also urged by complainant that the first deed referred to was testamentary in character. We cannot agree with this claim of complainant. The instrument was, in our opinion, a deed, taking effect on delivery, vesting a life estate in Ida A. Ultz Upham, and at her death the estate to go to her legal heirs, subject to the life estate of the first parties.

Section 8780, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 11640), relating to the adoption of children, contains the following language:

"And the person or persons so adopting such child, shall thereupon stand in the place of a parent or

parents to such child in law, and be liable to all the duties and entitled to all the rights of parents thereto, and such child shall thereupon become and be an heir at law of such person or persons, the same as if he or she were in fact the child of such person or persons."

It being conceded that Charles Upham was legally adopted by Ida A. Ultz Upham and her husband, Oscar J. Upham, did he not thereupon become the "legal heir" of Ida A. Ultz Upham? We think so. Counsel for complainant have called attention to the statute of descent and claim that, at the death of Ida A. Ultz Upham, Charles could not inherit as her heir under the statute and terms of the deed. We are of opinion that the very language of the adoption statute refutes such claim for the reason that he "thereupon becomes an heir at law of such person or persons, the same as if he or she were in fact the child of such person or persons." Language could not well be stronger. We can see no difference between "an heir at law" and a "legal heir."

This view is in accord with the holding of the supreme court of Illinois in *Butterfield* v. *Sawyer*, 187 Ill. 598 (58 N. E. 602, 52 L. R. A. 75, 79 Am. St. Rep. 246). The statute of that State provided that an adopted child should be regarded as if it had been born in lawful wedlock for the purposes of inheritance "and other legal consequences and incidents of the natural relation of parents and children." A deed from B. to his daughter conveyed to her a life estate, with remainder to her child or children, and in default thereof to her "heirs generally," forever. The daughter died without children except an adopted son. It was held that such adopted son would take the fee simple, under the terms "heirs generally," in preference to the collateral heirs of the daughter. The court there said:

"It is earnestly insisted on behalf of appellants that

the grantor by the term 'heirs generally,' meant 'collateral heirs,' but we find no warrant in the deed for so holding. The deed itself does not show that he used the language 'heirs generally' in any other than its commonly accepted legal sense. To hold otherwise is to enter the field of speculation as to his intentions, which is not permissible. In giving construction to deeds we are confined to the terms of the instrument itself, the object being to ascertain the intention of the grantor as expressed by the language used and not the unexpressed purpose which may at the time have existed in his mind. Where there is no ambiguity in the terms used, or where the language used has a settled legal meaning, the instrument itself is the only criterion of the intention of the party"—citing cases.

Less latitude is allowed in the construction of deeds than in the construction of wills. In a deed the word "heirs" in a general comprehensive sense includes all who stand in a relation to the ancestor that will entitle them to inherit on his death, and it includes an adopted child, placed by the statute on an equality with children by birth for the purpose of inheriting from the adopting parent. *Wallace* v. *Noland,* 246 Ill. 535 (92 N. E. 956, 138 Am. St. Rep. 247).

Counsel for complainant have cited in support of their position *Morrison* v. *Sessions,* 70 Mich. 297 (38 N. W. 249, 14 Am. St. Rep. 500). An examination of that case will show that it involved the construction of a will, and the court was able from the surrounding circumstances, which were peculiar and unusual, to arrive at what was actually in the mind of the testator. Speaking of the testator, the court said:

"But he left a will, and the only question is the proper construction of that will. The cardinal principle in the interpretation of wills is to arrive at and carry out the intention of the testator if it is lawful."

We think that the question here presented was not passed upon in that case. It should be borne in mind

that nothing is claimed for the will of Ida A. Ultz Upham in the instant case. Defendant Charles Upham does not claim under the will but under the deed of February 17, 1892. *Reinders* v. *Koppleman,* 94 Mo. 338 (7 S. W. 290), referred to in the *Morrison Case,* was also a case involving the construction of a will.

Neither is the instant case controlled by *Van Derlyn* v. *Mack,* 137 Mich. 146 (100 N. W. 278, 66 L. R. A. 437, 109 Am. St. Rep. 669, 4 Am. & Eng. Ann. Cas. 879). In that case it was held that the adoption statute does not make such children heirs of the kindred of the persons adopting them. That case, however, is instructive upon the subject we are considering and shows that the adoption statute gives power to the child to inherit from the adopting parent. It also shows that the apparent inharmony in the cases in the different States may be explained by the varying statutes. As was said in *Helms* v. *Elliott,* 89 Tenn. 451 (14 S. W. 931, 10 L. R. A. 535) :

"The law of adoption arbitrarily establishes for the adopted child the relation of heir and next of kin to the adopting parent; but it does not establish such a relation to the descendants of the adopting parent."

Applying the familiar rule of *Jacobs* v. *Miller,* 50 Mich. 119 (15 N. W. 42), and *Bolio* v. *Marvin,* 130 Mich. 82 (89 N. W. 563), that in the construction of a deed the intent of the grantor is to be gathered from the whole instrument, that the language employed is to be taken most strongly against the grantor, and that the terms of a deed must be given their legal effect, we are constrained to hold that the premises in question are owned in fee by the defendant Charles Upham subject to the life estate of complainant therein.

The decree of the court below is reversed, and bill of complaint dismissed, and a decree will be entered

here in accordance with the prayer of the defendant Charles Upham, and the views herein expressed. The defendants will recover their costs of the complainant to be taxed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.