PECK v. McCLELLAND.

1. DEEDS—"RESERVING AND EXCEPTING"—INTENTION OF PARTIES GOVERNS.

Intention of parties to deed may not be defeated by careless use of words "reserving and excepting," and whether a particular provision is an exception or a reservation depends upon the nature and effect of the provision itself.

2. EASEMENTS—DEEDS—EXCEPTING STRIP FOR ALLEY.

Provision in deeds "excepting and reserving" strip of land as alley or right of way for second parties, excepted said strip therefrom and title thereto remained in grantor, and, on his death, passed to his heirs, subject to easement.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted April 5, 1929. (Docket No. 84, Calendar No. 34,295.) Decided June 3, 1929.

Bill by Frances J. Peck against William McClelland and others to quiet title to land. From a decree for plaintiff, defendants appeal. Reversed, and decree entered.

*Perry & Lynch* (*Beaumont, Smith & Harris* and *Roy H. Curtiss,* of counsel), for plaintiff.

*George A. Sutton* and *Harold E. Howlett,* for defendants.

POTTER, J. Plaintiff filed a bill to quiet title to a strip of land approximately 14 feet in width along the back end of lots facing Maple street in Hunter's Plat of Birmingham, Michigan. October 5, 1895, William McClelland acquired all of the land in-

volved. January 10, 1900, McClelland and wife conveyed to Mathew McBride one parcel of land:

—''excepting and reserving a strip of land across the south end of the said lot, fourteen feet wide running east and west for an alley, a right of way from the south end of said above devised premises to Saginaw street is granted by first parties to second party.''

January 22, 1900, McClelland and wife conveyed another parcel of land to Walter Nichols;

—''excepting and reserving from the above described premises a strip of land on the south side thereof, fourteen (14) feet wide, as an alley or right of way for second parties from the south side of the above devised premises to Saginaw street in the said village.''

October 26, 1904, McClelland and wife conveyed another parcel of land to Seeley Peck and wife;

—''reserving a strip of land 14 feet wide off the south end of above described land for alley.''

The exceptions and reservation above form a continuous strip of land. By mesne conveyances all of the land out of which the exceptions and reservation were made has been merged in plaintiff, who contends the language created a mere easement, and, when the land to which the easement was appurtenant was acquired, the easement merged in the ownership of the land. Defendants contend the 14-foot strip was owned by William McClelland; that he never parted with his title thereto, and hence title remained in him to his death, at which time it descended to his heirs, and is now vested in them. The words ''reserving and excepting'' are used with carelessness. *Hall* v. *City of Ionia,* 38 Mich. 493. They are not to defeat the intention of the parties.

*Erickson* v. *Michigan Land & Iron Co.,* 50 Mich. 604. Whether a particular provision is an exception or a reservation depends upon the nature and effect of the provision itself. *Martin* v. *Cook,* 102 Mich. 267.

"If the grantor, no matter what the words may be, retains in himself title to a part of the land described in the deed, it is an exception. In such case words of inheritance are not necessary to retain in him the title for himself and his heirs. This is reasonable, because the deed did not purport to convey the title to the part excepted, nor to devest him of it. 'Whatever is excluded from the grant by exception remains in the grantor as of his former title or right.' " *Negaunee Iron Co.* v. *Iron Cliffs Co.,* 134 Mich. 264.

By the deeds here involved, there is an exception of the 14-foot strip. It is not conveyed by the grantor to the grantee in any deed. A right of way over this 14-foot strip was given by the grantor to the grantee, but the fee was retained by the grantor.

"A grantor who states in his deed that he excepts a certain portion of the land because he wants it for a certain purpose cannot be held to have conveyed that which he has expressly excluded because he afterwards devotes it to a different purpose." *Mayor, etc., of New York* v. *Railroad Co.,* 69 Hun, 324 (23 N. Y. Supp. 562); *Delano* v. *Luedinghaus,* 70 Wash. 573 (127 Pac. 197).

If this 14-foot strip was excepted from the deeds of McClelland, the title thereto remained in him, and, upon his death, passed to his heirs, subject to the easement.

Decree reversed, with costs, and decree entered for defendants.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.