CHOALS v. PLUMMER.

1. DEEDS—CONSTRUCTION—RESERVATION—EXCEPTION—INTENTION OF GRANTOR.

Whether a grantor uses the term "reserving" or "excepting" in a conveyance is not controlling as to strip 33 feet wide at end of 366-foot tract, it being common knowledge that such terms are used interchangeably, as the language used must be interpreted to carry out the intention of the grantor, if it can be ascertained.

2. SAME—CONSTRUCTION—AMBIGUITY—EXCEPTIONS—INTENT.

It will not be assumed that the grantor of tract 366 feet north and south by 240 feet east and west from east side of tract

REFERENCES FOR POINTS IN HEADNOTES

[1]  16 Am Jur, Deeds § 298.
[1, 2]  16 Am Jur, Deeds § 310.
[2, 6]  16 Am Jur, Deeds § 311.
[3]  16 Am Jur, Dedication §§ 2, 16.
[4]  16 Am Jur, Dedication § 17.
[5]  16 Am Jur, Deeds § 299.
[7]  17A Am Jur, Easements § 165.
[8]  17A Am Jur, Easements § 179 et seq.
[9]  17A Am Jur, Easements § 182.

1,100 feet east and west and who reserved the north and south 33 feet "for highway purposes only" intended to retain in himself the absolute ownership of the strips as an exception to the land conveyed, the construction of language, if ambiguous, being generally against the grantor, and the quoted language being of significance only as indicating the intention of the grantor.

3. Dedication—Common Law—Intention—Acceptance.
   There must be an intention on the part of an owner to dedicate lands or premises to a public use and an acceptance by the public authorities in order to create a common-law dedication.

4. Same — Construction — Reservation — Intent — Offer — Highways.
   A conveyance of 366' x 240' tract on east side of 366' x 1,100' parcel along east side of which was a street and in which conveyance grantor reserved a 33-foot strip at each end "for highway purposes only" and which dead-ended at property retained by grantor will not be construed as a dedication for public highway purposes, in the absence of specific language specifically offering it for such purposes and of testimony as to communication of such offer to dedicate to highway authorities of either township or county.

5. Deeds—Reservation—Stranger to Conveyance.
   An attempted reservation for the benefit of a stranger to the conveyance is ineffective.

6. Same—Easements—Reservation—Value of Retained Parcel.
   Conveyance of 366' x 240' tract on east side of 366' x 1,100' parcel along east side of which was a street and in which conveyance grantor reserved a 33-foot strip at each end "for highway purposes only" evidenced an intent, under the circumstances, to create an easement for the benefit of and appurtenant to the retained property in order to afford access to a legally-established highway, otherwise the value of the retained property would be substantially impaired.

7. Easements—Nonuser.
   An appurtenant easement reserved in a grant of servient land is not lost by mere nonuser.

8. Same—Interference—Damages—Value of Property—Election of Remedies.
   Plaintiff, as owner of land adjoining defendant's tract and over a 33-foot strip on the side of which plaintiff had an easement that had been created by reservation in grant from common

owner and which had afforded access to a public highway *held*, entitled to equitable relief by way of damages or the value of her property with the appurtenant easement, where, notwithstanding timely advice of an interest in the land on which defendant was erecting a supermarket, construction was completed before commencement of suit and building interfered with use of the easement appurtenant to plaintiff's land, there being nothing in the record to indicate that defendants had acted wilfully or for the purpose of injuring plaintiff.

9. SAME—INTERFERENCE—DAMAGES—VALUE OF PROPERTY—EQUITY.
   Plaintiff, easement owner, who failed to commence action for interference before construction of building thereon but who is entitled to equitable relief *held*, entitled to damages or value of her property with the appurtenant easement, such election to be made prior to the taking of testimony on remand.

Appeal from Kent; Souter (Dale), J. Submitted April 8, 1958. (Docket No. 7, Calendar No. 47,486.) Decided June 12, 1958. Rehearing denied July 15, 1958.

Bill by Marjorie K. Choals against Paul E. Plummer, Sr., A. Marie Plummer and Paul E. Plummer, Jr., doing business as Plummer's Drive-In Market, to compel removal of building encroaching on easement. Bill dismissed. Plaintiff appeals. Reversed and remanded for determination of property value or damages, with plaintiff given an election of remedies.

*Irving H. Smith,* for plaintiff.

*Tubbs & Grettenberger,* for defendants.

CARR, J. The plaintiff in this case is the owner of a parcel of land in Wyoming township, Kent county, lying immediately west of, and contiguous to, property owned by defendants Paul E. Plummer, Sr., and A. Marie Plummer. Defendants have constructed a supermarket on their lot which plaintiff claims interferes with, and prevents the enjoyment of, an ease-

ment that she asserts over the south 33 feet of said
defendants' land. It is conceded that the building
in question constitutes such interference if plaintiff
is entitled to the rights alleged in her bill of com-
plaint.

The material facts are not in dispute. In 1921
Victor J. Mollere acquired from the government of
the United States title to a tract of land in Kent
county. We are concerned in this case with a por-
tion of such property, 366 feet north and south by
approximately 1,100 feet east and west, the east line
being indicated as the center of Clyde Park avenue.
In 1925 Mollere conveyed the east 240 feet of the
parcel indicated to the Guarantee Bond & Mortgage
Company of Grand Rapids. The interpretation of
this conveyance is the first question for considera-
tion here. After describing the property as being a
parcel 240 feet east and west by 366 feet north and
south, the east and west line to be measured from the
center of Clyde Park avenue, the following provi-
sion was inserted:

"Reserving from the above description the north
33 feet and the south 33 feet for highway purposes
only."

Subsequent conveyances contained the same lan-
guage as above set forth from the 1925 conveyance,
except that the deed to Mr. and Mrs. Plummer of
the south 167 feet of said lot recited that the prop-
erty was subject to "easements of record." As be-
fore indicated, the specific question at issue here
is plaintiff's right to an easement over the south 33
feet of the land on which defendants have construct-
ed their store building.

The land now owned by plaintiff was first con-
veyed by Mollere on July 17, 1930. Following the
description of the property, the following was
added:

"Also granting a joint right-of-way over a strip of land 33 feet wide north and south lying immediately east of the above described property, the south line of which strip shall be an extension of the south line of the property hereinabove described, and such strip shall extend to Clyde Park avenue."

Obviously the grantor sought to create, as appurtenant to the grant to plaintiff's predecessor in the chain of title, an easement over the south 33-foot strip referred to in the 1925 conveyance to the Guarantee Bond & Mortgage Company. In the first 2 conveyances following the 1930 conveyance by Mollere the language of his deed was recited. The subsequent conveyance to plaintiff's immediate grantor, and his deed to her in 1954, contained merely the words "subject to easements."

On the hearing of the cause in circuit court it was claimed on behalf of plaintiff that Mollere by the provisions of the 1925 conveyance of the lot abutting on Clyde Park avenue created an easement over the south 33 feet thereof for the benefit of the land lying west of the parcel conveyed, and contiguous thereto, which Mollere still owned. Defendants contended that the language employed by said grantor did not indicate an intention to reserve an easement for the benefit of his contiguous property but, rather, constituted an offer to dedicate a right-of-way over the strip of land in question for a public highway. The trial judge agreed with defendants' construction of the language of the conveyance, holding that the words "for highway purposes only" did not reserve to the grantor any right in the property which he could convey to another, but "was an attempt merely to reserve to the public right to establish a public highway over the south 33 feet of the land in question," if such was deemed desirable. Accordingly a decree was entered denying the relief

sought and dismissing the bill of complaint. Plaintiff has appealed.

It will be noted that Mollere in the 1925 conveyance of that portion of the property here involved that fronted on Clyde Park avenue in terms reserved from the conveyance the south 33 feet, as well as the north 33 feet, but "for highway purposes only." We recognize the fact that the exact term used is not necessarily controlling. It is a matter of common knowledge that the terms "excepting" and "reserving" are used interchangeably. Such language must be interpreted to carry out the intention of the grantor, if it can be ascertained. *Martin* v. *Cook,* 102 Mich 267; *Peck* v. *McClelland,* 247 Mich 369; 26 CJS, Deeds, § 137, p 997. If in the instant case Mollere had intended to except from his conveyance the north and south 33-foot strips, no reason is apparent why he included them in the property described as the subject matter of the conveyance. It may not be assumed, in other words, that if he intended to retain in himself absolute ownership of said strips he would have first included them simply for the purpose of taking them out of his conveyance. *Elliott* v. *Small,* 35 Minn 396 (29 NW 158, 59 Am Rep 329). Furthermore, the language of a conveyance must under the general rule be construed, if ambiguous, against the grantor. *Bolio* v. *Marvin,* 130 Mich 82; *Ultz* v. *Upham,* 177 Mich 351, 357. The fact that the expressed reservation was for highway purposes only is significant as indicating the intention of the grantor. The language suggests that he had in mind establishing an easement for either public or private use. The deed may not properly be construed as creating an exception to the property described as conveyed to the grantee.

This brings us to the question whether the language in Mollere's 1925 deed may properly be construed as an offer to dedicate rights-of-way for pub-

lic roads. In considering this possibility it is somewhat significant that no reference was made to Wyoming township or to Kent county. There is no indication in the instrument as to the time or manner of acceptance of the offer, if such it was, or as to the highway authorities granted the right of acceptance. No claim is made that there was an acceptance, or attempted acceptance, express or implied. That acceptance is essential has been repeatedly held. The general rule was expressed in *Chene v. City of Detroit*, 262 Mich 253, 258, as follows:

"In order to create a common-law dedication, there must be, first, an intention on the part of the owner to dedicate lands or premises to a public use; and, second, such dedication must be accepted by the public authorities."

Of like-import are *Reno v. Johnson*, 224 Mich 14; *Township of Pontiac v. Featherstone*, 319 Mich 382, 389; *Whitehead & Matheson Co., Ltd., v. Jensen*, 203 Wis 12 (233 NW 546); 26 CJS, p 459 *et seq.;* 16 Am Jur, p 377 *et seq.*

In the instant case not only did the grantor fail to clearly express an intention to make a specific offer of dedication for highway purposes but the facts are inconsistent with the probability of such an intent. The north and south 33-foot strips reserved for highway purposes extended, as appears from the conveyance in question and also from exhibits in the case, 190 feet from the west side of Clyde Park avenue, ending at land the ownership of which Mollere retained. It is scarcely conceivable that he would have made any such offer, or that he would have expected an acceptance thereof from highway authorities. It does not appear that the offer to dedicate, if so intended by Mollere, was communicated to highway authorities of either township or county. If the grantor in the conveyance had in

mind to dedicate rights-of-way for public roads, it is reasonable to believe that he would have included in the offer proper reference to easements in the contiguous property that he owned. We are not in accord with the claim of defendants that Mollere, by the conveyance in question here, offered to dedicate rights-of-way over these 33-foot strips for the establishment of public roads limited as above indicated.

The logical interpretation of the language of the deed in question is that Mollere intended a reservation over the north and south 33-foot strips of the property conveyed to the Guarantee Bond & Mortgage Company. It may not be sustained as a reservation for the benefit of persons or property other than the grantor or the property to which he retained title. An attempted reservation for the benefit of a stranger to the conveyance is ineffective. *Martin* v. *Cook, supra; Peck* v. *McClelland, supra.* Under the circumstances it was quite natural that the grantor should have reserved rights-of-way for the benefit of the property lying west of, and contiguous to, the parcel conveyed. It may be assumed that he had in mind the desirability of having proper means of access to Clyde Park avenue. Obviously, without assured means of ingress and egress the value of the retained property would have been materially impaired. Construing the language of the conveyance in the light of the circumstances existing at the time, the conclusion that Mollere intended to create an easement for the benefit of his retained property, in order that access might be afforded to a legally established public highway, logically follows. At the time he executed the conveyance, in 1930, of the property that plaintiff now owns, he had an easement over the south 33 feet of the lot previously conveyed to the Guarantee Bond & Mortgage Company. Such reserved easement was appurtenant to the land deeded to plaintiff's predeces-

sor in her chain of title. It was not lost by mere non-user. In consequence, plaintiff is entitled to seek equitable relief based on defendants' interference with her property right.

In her bill of complaint plaintiff asks that defendants be required by writ of injunction to remove their building from the 33-foot strip. The record indicates that the cost of the supermarket was in excess of $50,000. Obviously, compelling the tearing down of the structure or a portion thereof would entail a substantial loss to defendants. A mandatory injunction of the character requested would scarcely be in accord with settled principles of equity, in view of the facts in the case.

Plaintiff first acquired her property in 1949 under land contract obligating her to pay the sum of $800. Pursuant to said contract she received a deed in 1954. No attempt was made by her to call attention in any way to the existence of the easement, and the land now occupied by defendants was covered with shrubs and small trees. The right-of-way claimed by plaintiff has never been used, either by her or by any predecessor in her chain of title. The construction of the supermarket was begun on or about the 5th of July, 1955. On September 26th following, plaintiff wrote a letter to defendants suggesting that a part of their building might be on her "south right-of-way" and stating, if such was the fact, that the building would have to be removed. On receipt of the letter defendants ceased further building operations for a few days and then, under advice of their attorney, proceeded to complete the building. The present suit was instituted November 21, 1956. Presumably defendants' attorney, after investigating the matter, came to the conclusion that plaintiff did not have an easement over the property on which the supermarket was located. There is nothing in the record to indicate that the

defendants acted wilfully or for the purpose of injuring plaintiff. As the situation is presented to us we think that equity will be done if plaintiff is recompensed for such damages as have resulted to her property because of defendants' interference with the easement in question. Equitable principles analogous to those recognized and approved in *Rzeppa* v. *Seymour,* 230 Mich 439; and *Hardy* v. *Burroughs,* 251 Mich 578, may properly be applied here. See, also, *Seifert* v. *Keating,* 344 Mich 456; and *Herpolsheimer* v. *A. B. Herpolsheimer Realty Company,* 344 Mich 657. In granting equitable relief the Court is not bound by the prayer therefor. It may be noted in the instant case, however, that plaintiff asked for damages and also for such relief "as seems just and equitable to this Court."

In view of the fact that defendants have deprived plaintiff of the easement in question, as the proofs indicate, she should be given an election to take, in lieu of damages, such sum as the trial court may determine to be the fair value of her property with the appurtenant easement, payment of such sum to be conditioned on her delivering to defendants a proper conveyance of the property deeded to her in 1954 in accordance with the land contract. The cause is remanded to the circuit court for the taking of proofs as to such damages, or the value of the property, as plaintiff may elect prior to the receiving of testimony. The decree dismissing the bill of complaint is set aside and, on the determination of the question of damages, or property value, as the case may be, a decree may enter in accordance with such finding and this opinion. Plaintiff may have costs on this appeal.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.