## MOTT v STANLAKE

1. Deeds—Exceptions—Reservations—Words and Phrases—Intent.

The words "reserving" and "excepting" are often used indiscriminately by grantors of property, and therefore whether a particular provision in an instrument of conveyance is an exception or a reservation depends upon the nature and effect of the provision itself, rather than upon the use of either term; the intention of the parties to the instrument is crucial.

2. Deeds—Reservations—Words and Phrases.

A reservation is a clause in a deed or other instrument of conveyance by which the grantor creates, and reserves to himself, some right, interest, or profit in the estate granted, which had no previous existence as such, but is first called into being by the instrument reserving it.

3. Deeds—Exceptions—Words and Phrases.

An exception is a clause in a deed by which a grantor withdraws from operation of the deed a part of the thing granted which would otherwise pass to the grantee.

4. Deeds—Provisions for Third Parties—Exceptions—Reservations.

A provision for third parties in an instrument of conveyance is an exception rather than a reservation where no attempt was made to reserve any interest to the grantor; the rule of conveyancing law, that an attempted reservation in a conveyance for the benefit of a stranger to the conveyance is ineffective, is virtually nonexistent.

Appeal from St. Clair, Halford I. Streeter, J. Submitted June 19, 1975, at Detroit. (Docket No. 22241.) Decided August 14, 1975.

References for Points in Headnotes
[1–3] 23 Am Jur 2d, Deeds § 262.
[4] 23 Am Jur 2d, Deeds §§ 279–281.

Complaint by Donald D. Mott and Flora Lee Mott against John Stanlake, Edward and Lena Marx, Paul and Martha Weitzel, Henry and Victoria Bowers, William and Wilanne Kimball, Peter and A. Pellerito, Florence Brow, Robert and Bonnie Neumann, and Michael and Catherine Whaling, to quiet title and have reserving language in a warranty deed declared ineffectual. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Bush, Luce, Henderson, Black & Bankson,* for plaintiffs.

*Cummings, Monaghan, Thomas & McColl, P. C.,* for defendants.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiffs own a lot in St. Clair County that fronts Lake Huron. A recent title search revealed that a warranty deed dated December 7, 1937 conveyed to plaintiffs' predecessor in title "Lot 6 except * * * and also reserving the East 100 feet of said lot which is reserved and dedicated to the use of the lot owners of this subdivision". Plaintiffs brought suit in 1974 to quiet title, seeking to have the reserving language declared ineffectual.

The trial court found for defendants. The effect of the court's ruling is to give the right to use 100 feet of plaintiff's beach to the owners of subdivision lots which do not have lake frontage. Plaintiffs now appeal. Both parties agree that the proper outcome depends on the vitality and applicability of an ancient rule of conveyancing law.

That rule is succinctly stated in *Choals v Plummer,* 353 Mich 64, 71; 90 NW2d 851 (1958):

"An attempted reservation for the benefit of a stranger to the conveyance is ineffective."

Defendants claim that the rule is outmoded, unjust, and has outlived any usefulness. That may be, but we need not so decide. The viability of the rule has already been so diminished by exception that it may be dead already. The question is whether plaintiffs' predecessor attempted a "reservation". If so, the attempt must fail. Conversely, if the grantor sought to create an "exception" to the grant, then the language of the deed is to be given its intended effect. *Martin v Cook,* 102 Mich 267; 60 NW 679 (1894).

"The words 'reserving' and 'excepting' are often used indiscriminately, and whether a particular provision is an exception or a reservation does not depend upon the use of either term, but upon the nature and effect of the provision itself." 102 Mich at 272.

The crucial factor is the intention of the grantor and grantee. *Martin v Cook, supra, Choals v Plummer, supra.* It is evident that the parties intended that the other property owners in the subdivision have the exclusive use of the east 100 feet of Lot 6. Plaintiffs' predecessor's grantor surely received less consideration for sale of the property than would be the case if the lot had been conveyed without exception. Plaintiffs and their predecessors have received the benefit of a reduced price. In order to effectuate the intent of the parties and their predecessors, it is necessary to construe the language of the deed as an "exception" rather

than a "reservation". The trial court must be affirmed and the language of the deed given effect.

The Michigan cases recite the rule relied on but none give the rule effect so as to invalidate the language of the deed. The rationale appears to be circuitous. It goes something like this: A reservation for the benefit of third parties is invalid; to decide whether a clause constitutes a reservation, courts look to the intent of the parties; since the parties did not intend a nullity, they must have intended an exception. Therefore, the argument concludes, a reservation for the benefit of third parties is invalid, but that which is destined to be invalid, could not be intended. Thus, everything is an exception.

As noted above, the terms "exception" and "reservation" are often used interchangeably. Black's Law Dictionary (4th ed), p 1472, defines reservation as follows:

"A clause in a deed or other instrument of conveyance by which the grantor creates, and reserves *to himself,* some right, interest, or profit in the estate granted, which had no previous existence as such, but is first called into being by the instrument reserving it * * * ." (Emphasis supplied.)

Exception is defined in Black's, *supra,* at 667 as:

"A clause by which grantor excepts something out of that which he granted before by the deed.

* * *

"An exception withdraws from operation of deed part of thing granted which would otherwise pass to grantee."

The distinction is that a reservation is retained by the grantor for himself. It is only in the case of

an exception that the interests of third parties come into play. When properly analyzed, the rule relied on by plaintiffs is virtually nonexistent, since provision for third parties makes the clause an exception rather than reservation. In the instant case, no attempt was made to reserve any interest to the grantor. Rather, an exception was effected and the rule relied on by plaintiffs is inapplicable.

Judgment was had below on pleadings and briefs. Questions of prescriptive use or adverse possession were not addressed and no findings are before us for review. Upon argument to this Court however, plaintiff-appellants' attorney asserted that his clients had the exclusive use of the east 100 feet during the entire term of his land contract. Defendant-appellees' attorney argued exactly the opposite. Since the matter is not before us for review, we expressly reserve such issue to pleading and proof in the trial court as a separate and distinct issue not covered by this decision.

Affirmed. Costs to appellees.