TUDOR ICE COMPANY *vs.* THOMAS CUNNINGHAM.

A grant of a right of way, with horses, carts and other vehicles, " to a street forty feet wide, and in, over and through said forty feet street," which street is owned by the grantor, and has been laid out by him between his lots, and is so situated that there will be much passing over the same, gives a right of way in the entire space of that width; and the grantee may maintain an action for damages, if the grantor or those claiming under him afterwards obstruct his convenient use and enjoyment of any part thereof.

TORT for the obstruction of a way.

At the trial in the superior court, before *Ames*, J., it appeared that on the 31st of May 1843 the Charlestown Wharf Company conveyed to Henry Jaques, his heirs and assigns, a wharf in Charlestown, and also " a right of way with horses, carts, carriages and other vehicles over and across the said land of the Charlestown Branch Railroad Company to a street forty feet wide, leading into Water Street, between lots numbered one hundred and twenty-three and one hundred and twenty-four on the plan hereinafter mentioned, and in, over and through said forty feet street to Water Street." The plan referred to showed that a long strip of land between Water Street and various wharves, including that conveyed by the deed, had been laid out into lots, and that the forty feet street referred to was laid out between two of the lots, and was opposite to one side of the wharf which was conveyed. The title of Jaques afterwards became vested in the plaintiffs, and the title to the soil and freehold under the way passed to the defendant, who was a manufacturer of boilers and steam engines, and occupied lot one hundred and twenty-four for that purpose. There was evidence that the defendant has often used the forty feet street by placing tanks and furnaces and other things there and doing work there, so that sometimes there was only room for one team to pass by, and that the plaintiffs had been much obstructed thereby. The defendant contended that the plaintiffs were not entitled to recover, even if this was true; but the judge ruled that the deed amounted to a stipulation that the entire space between the two lots should be set apart and used for a street,

and not as a place of deposit for bulky articles, or for doing work; and that if the defendant, by making such use of the space, had obstructed it to such an extent as to amount to a practical inconvenience to the plaintiffs, the action might be maintained.

Upon this ruling it was agreed that a verdict should be taken for the plaintiffs, with nominal damages, and the case reported for the determination of this court.

*T. H. Sweetser,* for the defendant, cited *Appleton* v. *Fullerton,* 1 Gray, 186; *Johnson* v. *Kinnicutt,* 2 Cush. 153; *Underwood* v. *Carney,* 1 Cush. 292; *Atkins* v. *Bordman,* 2 Met. 468; *Harding* v. *Wilson,* 2 B. & C. 96.

*C. Robinson, Jr.,* for the plaintiffs, cited *Farnsworth* v. *Taylor,* 9 Gray, 162; *Thomas* v. *Poole,* 7 Gray, 83; *Hastings* v. *Livermore,* Ib. 194; *Underwood* v. *Carney,* 1 Cush. 292; *O'Linda* v. *Lothrop,* 21 Pick. 292; *Salisbury* v. *Andrews,* 19 Pick. 258; *Parker* v. *Smith,* 17 Mass. 413.

BIGELOW, C. J. This case is free from all doubt. The plaintiffs have by express grant a right of way over the entire premises on which the alleged obstructions were placed by the defendant. The nature and extent of this right are fully described in the deed under which the plaintiffs claim. It is " in, over and through a forty feet street;" that is, a right in the entire space of that width, for all the ordinary and usual purposes and uses of a street, and free from all hindrances, incumbrances and impediments, except those which are commonly or necessarily incident to its enjoyment by others having a right to a similar easement in the same strip of land. The grant of such a right is to be construed with reference to the place in which it is created, and the circumstances under which the grant was made. Here a right of way is granted over a street of specified width, in a populous neighborhood, in close proximity to wharves, where essels load and discharge, and where there is a necessity for the passing and repassing of teams engaged in the transportation of heavy merchandise. The parties to the grant must be presumed to have known and contemplated the necessities and usages incident to a grant of a right of way in such a locality.

*Underwood* v. *Carney*, 1 Cush. 292. It is to be observed also that it is not a grant of a mere right of way over a piece of land, but a right of way in a street; that is, in a strip of land already dedicated to the purposes of a street, in a busy and much frequented neighborhood. In this respect the case is wholly unlike *Johnson* v. *Kinnicutt*, 2 Cush. 153, which was only a grant of a right of way over a strip of land, not used or described as a street, and where the description of the land was evidently not intended as defining the extent of the way granted, but only the place where a reasonable right of way was to be enjoyed.

On the evidence stated in the report, we think it clear that the defendant was guilty of placing obstructions and incumbrances on the place in controversy inconsistent with its convenient use and enjoyment by the plaintiffs as a street, and that the instructions given to the jury were well adapted to the facts in proof.                    *Judgment on the verdict.*