## KIRK v CONRAD

Ohio Appeals, 3rd Dist, Crawford Co
No 1266. Decided Feb 17, 1931

A. S. Leuthold, Bucyrus, for Kirk.
Charles S. Schaber, Bucyrus, for Conrad.

KLINGER, J.

It is contended by plaintiff that defendant had full knowledge of the location of the garages and use of the driveway, and, in the opinion of this court, this contention is well taken, as disclosed by the evidence and the admissions of counsel. The issue therefore, resolves itself as to the legal rights of the parties.

This court has diligently examined the briefs of counsel in the case, and made further search for authority to protect the

plaintiff in the premises. However, after a careful investigation of all cases referred to in the briefs, as well as all the authorities we have been able to find, we have come to the conclusion that whatever rights plaintiffs have in the premises of the defendants, exist by virtue of the memoranda of July 5, 1921. As this instrument was neither witnessed nor acknowledged, it is of no value to protect the plaintiffs' claim, even if Conrad had known of the existence of this contract. The rights secured by virtue of this contract are a mere license to drive over the driveway, and is revocable at the pleasure of the present owner of the lands used.

The reference made in the deeds above referred to, are of no legal value or importance.

Upon an examination of the authorities referred to in the briefs, as well as the cases referred to in **13 Ohio Jurisprudence, page 943**, we conclude that the exception or reservation in favor of a third person not a party to the deed, is void. And this has been the recognized holding of the courts of Ohio since the case of **Cincinnati v Newell, 7 Oh St 37**. And this principle that all reservation made in favor of a third person not a party to the deed, are void, has been affirmed in **Yeager v Tunney, 79 Oh St 121; 20 O C C (N.S.) 375.**