HOLLOSY ET AL., APPELLANTS, *v.* GERSHKOWITZ, APPELLEE.

(No. 4094—Decided May 3, 1950.)

*Mr. Ernest W. Teodosio,* for appellants.
*Messrs. Harris, Sacks & Subrin,* for appellee.

DOYLE, J. In this appeal on questions of law from the Court of Common Pleas of Summit County, it is claimed by the appellants that there is a rule of law in this state "that the owner of the servient estate may change the location of an easement" on said estate "if the change will not unreasonably interfere with the use of the right owned by the owner of the dominant estate"; and that, this being so, the trial court erred in sustaining a demurrer to their amended petition, which prays for a declaratory judgment to permit them to change the location of the easement.

The pleaded facts are: The plaintiffs reside at 542 Wooster avenue, Akron, Ohio; the defendant resides at 540 Wooster avenue, Akron, Ohio, which is located in the rear of and contiguous to plaintiffs' property; each of the properties was purchased from a common owner; the defendant purchased her property on July 1, 1944, and, in her deed of conveyance, she was granted an easement for "walkway purposes only" over the lot of the plaintiffs, which was subsequently purchased; the language of the granted easement is:

"Granting unto the grantee herein, her heirs and assigns, the right to use for walkway purposes only, an existing brick walk 3 feet 3 inches in width and lying west of and adjacent to a line 13 feet 3 inches west

of and parallel to the easterly line of the property lying north of and adjacent to the above-described premises, and to be used as a walkway from Wooster Ave. to and from the above-described premises * * *.''

And the language in the deed to the servient estate is:

''Reserving for walkway purposes, only, an existing brick walk 3 feet 3 inches in width and lying west of and adjacent to a line 13 feet 3 inches west of and parallel to the easterly line of the above-described premises, and to be used as a walkway from Wooster Avenue to and from the property lying south of and adjacent to the above-described premises.''

The amended petition sought, by way of declaratory judgment, to have the walkway relocated, and pleaded, in justification for the requested order, that the relocation would not ''materially inconvenience the defendant nor take away any rights which she now enjoys, and would serve the same purpose of ingress and egress to the defendant which was originally intended by the above-mentioned reservation * * *.''

It was further pleaded that ''unless the court affords to these plaintiffs the right to move said walkway * * *, they will suffer an irreparable loss. * * * That removing said walkway * * * would in no way affect the rights of the defendant * * *.'' It was also pleaded that ''said defendant has refused to permit the plaintiffs to make such change.''

1. It is established law that, by a single instrument of conveyance, there may be created an estate in land in one person and an easement in another. This result is not prevented by the fact that the conveyance of the easement is, in terms, a reservation to the person to whom it is conveyed. Thus, an easement may be created in ''C'' by a deed by ''A'' which purports to convey ''Blackacre'' to ''B'' in fee, reserving an ease-

ment to "C." If, in other respects, the necessary formalities for the creation of an easement are complied with, such a reservation operates as an effective conveyance to the person in whose favor the reservation is, in terms, made. 5 Restatement of the Law of Property, Section 472 (Servitudes).

The facts pleaded in the petition indicate not only the creation of an easement in favor of the defendant by a reservation to her in the deed to the plaintiffs, but also a specific grant of an easement in the property now owned by the plaintiffs in the deed delivered to the defendant. Thus, we find the creation of the easement by two separate instruments, delivered by a common grantor.

The conclusion that an easement was granted, rather than a fee (the latter being suggested in the brief of the appellee), is reached because an easement does not entitle the owner, either presently or prospectively, to the exclusive occupation of a portion of the property, while an estate entitles the owner to the exclusive occupation, presently or prospectively, of described property; and by the unequivocal language employed in the conveyances, it is apparent that an exclusive occupation of the walkway was not granted.

2. It is also established in the law that the process which creates an easement also fixes its extent. The extent of an easement created by prescription, for instance, is fixed by the use which created it. Likewise, the extent of an easement created by conveyance, as shown in the instant case, is fixed by the conveyance itself.

3. It has long been a rule of general application that an easement created over definitely described land, cannot be changed by either the owner of the servient estate or the owner of the easement, without the other's consent. And, although this court is not called upon

to decide, and, therefore, does not so decide, it may be questioned whether, under circumstances where an easement is created by formal conveyance, as distinguished from an easement created by necessity or by implication, the location of such easement may be changed, even though done so by common consent, without an instrument in writing to satisfy the statute of frauds. At any rate, it is established that a definite location of a valid easement over land, determines and limits the right of the grantee, as well as the rights of the owner of the servient estate, and that those rights of the grantee cannot be changed except by common consent. Among the reasons given for the rule is that, treating the location as variable would incite litigation, depreciate the value of the land, and discourage its improvement.

4. It is the conclusion of this court that the demurrer was properly sustained by the trial court, and that the judgment should be affirmed.

*Judgment affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.