ZURN INDUSTRIES, INC., APPELLANT, *v.* LAWYERS TITLE INSURANCE CORPORATION ET AL., APPELLEES.

---

[1] This land is designated as Parcel 26 on the Hamilton County Auditor's map.

[2] This land is designated as Parcel 27 on the Hamilton County Auditor's map.

[3] The deed, recorded in Hamilton County Deed Book 2474 at page 250, provides as follows concerning the easement:

"Reserving, however, to Grantor, her lessees, licensees, heirs, administrators and assigns, in common with Grantee, its successors and assigns, for the use and benefit of all owners of property located to the North and West of premises hereinabove described, a perpetual easement over and

(No. C-850667 — Decided July 23, 1986.)

*Harry B. Plotnick,* for appellant.
*Ted T. Martin,* for appellees.

HILDEBRANDT, J. The issue in this case is whether, under the law of Ohio, a grantor, by a single instrument of conveyance, may grant a fee simple estate in land to one party and reserve an easement in favor of a third party. We hold that the grantor may create both interests with a single conveying instrument.

The record discloses that the grantor, Harriet Keller, was the owner of several parcels of real property situated in Springfield Township, Hamilton County, Ohio. In 1950, Keller conveyed a parcel of land to Justus Goebel and Howard Rabe (hereinafter "Parcel 26").[1] In 1951, Keller conveyed to the Kroger Company an adjacent parcel of land (hereinafter "Parcel 27").[2] In the deed to Kroger, Keller reserved a fifty-foot driveway for herself and for the present and future owners of Parcel 26.[3] The

across a strip of land fifty (50) feet in width being the extreme Northerly fifty (50) feet of premises hereinabove described and extending westerly from, the westerly line of Glendale Road and along the Southerly line of premises heretofore conveyed by Grantor herein to Justus Goebel and Howard L. Rabe by deed recorded in Deed Book 2420, page 337, Hamilton County, Ohio records, to the South-west corner thereof; for use by Grantor, her lessees, licensees, heirs, administrators and assigns, in common with Grantee, its successors and assigns, and the present and future owners of premises located to the North and West thereof as a means of ingress and egress to and from

driveway, located on Parcel 27, was used as ingress and egress by the owners-occupiers of Parcel 26.

In 1983, Rabe and others by deed conveyed Parcel 26 to appellant Zurn Industries, Inc. ("Zurn"). Zurn insured Parcel 26 under title insurance issued by the appellees. Also in 1983, it was contemplated that Zurn would sell Parcel 26 to the Mohawk Machinery Company ("Mohawk"). Pursuant to that proposed transaction, a title examination was accomplished because Mohawk was concerned about its ability to gain access to Parcel 26 over the driveway on Parcel 27. At the conclusion of the examination, the examiner rendered the opinion that the ingress-egress easement in Keller's deed to Kroger was not effective, and resultantly there was no easement to convey to Zurn.

The title examiner's opinion prompted Zurn to file a declaratory judgment action in the court below in which it sought a judgment declaring that it had an easement over Parcel 27 by grant or by prescription.[4] By its judgment entry of December 19, 1983, the court found that "the subject ingress-egress easement has been used openly and notoriously, under claim of right, for a period in excess of the period of prescription under Ohio law." The court then ordered that Zurn be granted "a perpetual ease-ment for ingress, egress, street and roadway purposes over the extreme northerly fifty feet of [Parcel 27]." On December 23, 1983, Zurn sold Parcel 26 to Mohawk.

On May 11, 1984, Zurn filed its complaint against the appellees, alleging that Zurn's title was unmarketable and that as a result thereof it sustained damages, including attorney fees, additional property taxes and loss of interest caused by the delay in closing on the property pending the disposition of the declaratory judgment action. Subsequently, the appellees filed a motion for summary judgment, followed by Zurn's motion for partial summary judgment and its memorandum in opposition to the appellees' motion.

On August 26, 1985, the court below placed of record its judgment entry granting the appellees' motion for summary judgment and overruling Zurn's motion. In so ruling, the court observed that "by a single instrument of conveyance, there may be created an estate in fee in one person and an easement in another. This is not prevented by the fact that the conveyance of easement is, in terms, a reservation to the person to whom it is conveyed." (Citation omitted.) The court specifically did not address appellees' argument that the title insurance policy did not insure the easement.[5]

From that judgment, appellant

---

premises located to the North and West of the premises herein described to Glendale Road for all purposes for which streets and roadways may be used."

[4] The defendants in that action were the Baldwin Company and Kroger. Prior to the events *sub judice,* Baldwin had purchased Parcel 27 from and then leased the property to Kroger until the year 2005. It was further stipulated that:

"(2) The Union Central Life Insurance Company, the mortgagee of the servient tenement subject to plaintiff's alleged easement for ingress and egress and defendant Baldwin's predecessor in title to the subject property, had acknowledged the existence of said easement and has, in confirmation thereof, executed and delivered to [Zurn] a grant of easement * * *."

[5] In view of our holding in this case, we do not reach this issue either.

Zurn brings this timely appeal asserting in a solitary assignment of error that the trial court erred in granting appellees' motion for summary judgment. We are not persuaded.

From our research we discover that the issue presented for our review has not been addressed in a reported decision by the Ohio courts in the last thirty-six years. Further, the matter has not been revisited by a Hamilton County court since perhaps 1851.[6]

In *Kirk* v. *Conrad* (App. 1931), 9 Ohio Law Abs. 717, the grantors, the Leutholds, in 1923 deeded certain real estate to the grantees, the Karstetters, " '* * * subject to location of garage and use of driveway in common with owner adjoining said driveway.' " *Id.* at 717. The adjoining owner was Kirk, to whom Godfrey Leuthold had under a 1921 contract granted the right to use the driveway and garage.

In 1924, the Karstetters deeded the property to Henry Conrad and his wife. That deed provided in part: " 'The use and ownership of the south half of said garage is vested in the grantee herein, and the use of said driveway is in common with the adjoining lot owner [Kirk]; said driveway being located on and along the boundary line between the two lots.' " *Id.* Kirk brought an action against the Conrads to determine Kirk's rights with respect to the use of the driveway.

In deciding the issue, the Court of Appeals for Crawford County reasoned that whatever rights Kirk had in the premises existed by virtue of the 1921 agreement between Kirk and Godfrey Leuthold, and that since the instrument was not witnessed or acknowledged, it did not protect Kirk's claim even if the Conrads had notice of the contract.[7] *Id.* at 718. The court determined that the agreement created only a license for Kirk to drive over the driveway, which was revocable at the Conrads' pleasure. *Id.* The court also determined that the references in the deeds were of no legal value. Relying on *Yeager* v. *Tuning* (1908), 79 Ohio St. 121, 86 N.E. 657, the court concluded that a reservation in favor of a third person not a party to the deed was void. *Id.*

However, the issue in *Yeager, supra,* did not involve a written deed containing a reservation of an easement. Rather, the plaintiffs there contended that they were entitled to specific performance of an *oral* agreement among several adjoining landowners to erect and maintain telephone poles on their respective lands, and to contribute equally to the expense of stringing wires thereon. In affirming the lower court's dismissal of the plaintiffs' petition, the court determined that the oral agreement created a license which was revocable by the licensor.

The case of *Cincinnati* v. *Lessee of Newells' Heirs* (1857), 7 Ohio St. 37, was also cited by the court in *Kirk* v. *Conrad, supra.* We find it also to be distinguishable from the cause *sub judice.* There, the deed from the grantor conveyed a lot, but reserved "a 33-feet [*sic*] street in the north or upper side of the southern line of said lot, for the use of the public, in lieu of * * * [another] street * * *." 7 Ohio St. at 38.

In holding that the city, which subsequently came into possession of the property as a result of several in-

---

[6] See *Cincinnati* v. *Lessee of Newells' Heirs, infra,* and appeal from the District Court of Hamilton County.

[7] The court recognized that Conrad had full knowledge that the garage was located on the two adjoining properties and that Kirk was using the driveway.

termediate deeds, had a right of possession of the thirty-three-foot area, the court reasoned that by its terms the reservation was for the use of the public to establish a street. *Id.* at 40-41. However, the contemplated street was never constructed. The court therefore concluded that "if the grantor had intended to except and reserve *the land,* it would have been so easy for him to say so in terms at once brief and explicit; and we are further confirmed in it by the rule that 'a deed shall be construed most strongly against the grantors.'" (Emphasis *sic.*) *Id.* at 41.

In *Hollosy* v. *Gershkowitz* (1950), 88 Ohio App. 198, 44 O.O. 221, 98 N.E. 2d 314, the plaintiffs brought a declaratory judgment action to change the location of an easement across their property. There, the conveying instrument from the grantor to the plaintiffs reserved an easement to the adjoining landowner " '* * * for walkway purposes, only, an existing brick walk * * * adjacent to the above-described premises.' " *Id.* at 200, 44 O.O. at 222, 98 N.E. 2d at 315.

In holding that where the location of an easement has been definitely determined by the owners of the dominant and servient estates,[8] such location cannot be changed by the owner of either estate without the consent of the owner of the other estate, the Court of Appeals for Summit County observed:

"It is established law that, by a single instrument of conveyance, there may be created an estate in land in one person and an easement in another. This result is not prevented by the fact that the conveyance of the easement is, in terms, a reservation to the person to whom it is conveyed. Thus, an easement may be created in 'C' by a deed by 'A' which purports to convey 'Blackacre' to 'B' in fee, reserving an easement to 'C.' * * *" *Id.* at 200-201, 44 O.O. at 222, 98 N.E. 2d at 315 (citing 5 Restatement of the Law, Property [1944] 2966, Section 472).

We are of the opinion that the *Hollosy* court's perception is a more enlightened approach to the issue *sub judice,* and we choose to adopt that approach for the disposition of this case. We therefore hold that the trial court did not err when it found a valid and effective easement and granted the appellees' motion for summary judgment. Accordingly, the assignment of error is overruled and the judgment of the court below is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and BLACK, J., concur.

---

[8] A single grantor conveyed to the plaintiffs and the defendant their respective real properties. The reservation of the easement appeared in plaintiffs' deed and the grant of easement appeared in defendant's deed.