MICHAEL J. UHES, PH.D., P.C., PROFIT SHARING PLAN & TRUST, Michael J. Uhes, Trustee, Plaintiffs–Appellants,

v.

Richard L. BLAKE and Barbara J. Blake, Defendants–Appellees.

No. 93CA1913.

Colorado Court of Appeals, Div. V.

Feb. 9, 1995.

Moss, Morris & O'Dell, P.C., Edward C. Moss, Monte M. Cooper, Englewood, for plaintiffs-appellants.

Maurice F. Fox, Wheat Ridge, for defendants-appellees.

Opinion by Judge DAVIDSON.

Plaintiffs, Michael J. Uhes, Ph.D., P.C., Profit Sharing Plan and Trust, and Michael J. Uhes, Trustee, appeal from the trial court's judgment entered after a bench trial denying plaintiffs' claim of easement by grant or necessity against property owned by Richard and Barbara Blake. We affirm in part, reverse in part, and remand with instructions.

Both plaintiffs and the Blakes claim certain real property in Jefferson County under and through deeds emanating from a common grantor, the Barth Foundation, Inc. In a prior probate action, the property owned by the foundation was partitioned between the Regents of the University of Colorado and the estate of Charlotte Barth Howell. Pursuant to the order of the probate court, a proposed partition prepared by a real estate appraiser was submitted to the court. The proposal recommended that the Regents receive the southwest and northeast quarters of section 5, township 5 south, range 70 west, except for a parcel in the southeast quarter of the northeast quarter, which was allocated to the estate. In addition to this parcel, the

estate received the southeast quarter of section 5, less a parcel in the northwest quarter of the southeast quarter, which was partitioned to the Regents as a connecting "neck" to preserve access from the Regents' property in the southwest quarter to their property in the northeast quarter.

The proposal was received by the probate court, and, no objection to the proposal having been made, it accepted the recommendations and divided the property accordingly on January 28, 1985.

In July 1989, the estate requested the court to approve the sale of a 65–acre parcel to the Blakes. The property, located within the southeast quarter and abutting the Regents' property to the north and west, apparently was landlocked. The sale was approved by the probate court, and the property was deeded to the Blakes on October 10, 1989.

The deed recited in pertinent part:

This deed is made by [the] special administrator of the Estate of Charlotte Barth Howell ... Grantor, to Richard L. Blake and Barbara J. Blake, Grantees....

. . . .

Now, therefore, pursuant to the powers conferred upon Grantor by the Colorado Probate Code, Grantor does hereby sell, convey, assign, transfer and set over unto Grantees (in joint tenancy) ... the following described real property situate in the County of Jefferson, State of Colorado:

Property described in Exhibit A attached hereto and incorporated by this reference

also known by street and number as mountain property, no address.

With all appurtenances, subject to covenants, easements and restrictions of record, and subject to general property taxes for the year 1989.

Exhibit A set forth the legal description, and further stated:

SUBJECT TO AND TOGETHER WITH an easement 30 feet wide centered on the existing dirt roads with use history in April, 1989, within the southeast one-quarter of said Section 5, for service to all property serviced in April, 1989, in or [through] the east half of said Section 5 or the southwest one-quarter of Section 4 to the east. Said 30 foot wide easement to be used for Ingress/Egress and Utility Installation and Maintenance, including water and sewer as needed. Said 30.00 foot easement to connect to the public road or access in the southwest corner of the southeast one-quarter of said Section 5. This 30 foot easement shall be automatically vacated or become null and void when other reasonable access and utility service is constructed in recorded easements, deeded land, or right-of-way to the tracts of land currently being served by the existing described easement.

The Blakes purchased the remainder of the estate's property on August 30, 1991.

Plaintiffs acquired the Regents' entire property by deed dated August 19, 1991. The deed in pertinent part recited: "Together with all and singular the hereditaments and appurtenances thereunto belonging, or in any wise appertaining ... and all the estate, right, title, interest, claim and demand whatsoever of the grantor ... in and to the above ... premises, with the hereditaments of appurtenances...."

Plaintiffs then commenced this action claiming an easement by necessity across the Blakes' property to plaintiffs' acreage in the northeast quarter, alleging that the terrain through the connecting neck was impassable. Plaintiffs further claimed an express easement across the Blakes' property, relying upon the language in the October 1989 deed, and the Regents' subsequent conveyance.

Following a bench trial, the court concluded that, since the plaintiffs were strangers to the conveyance from the estate to the Blakes, they acquired no express easement under the deed, and that, in any event, the grantor estate did not intend to transfer any interest to plaintiffs' predecessor. The court additionally concluded that the plaintiffs failed to establish grounds for a way or easement of necessity.

I.

Plaintiffs first argue that the trial court erred in denying them a common law

way of necessity across the Blakes' property. We disagree.

■ In order to establish a private way of necessity, the party seeking the way must show that original ownership of the entire tract was held by a single grantor prior to the division thereof; the necessity existed at the time of the severance; and the necessity for the particular right must be great. *Wagner v. Fairlamb*, 151 Colo. 481, 379 P.2d 165, *cert. denied*, 375 U.S. 879, 84 S.Ct. 149, 11 L.Ed.2d 110 (1963). The facts must show that there is a practical inability to have access by any other means than by way of necessity. *See LeSatz v. Deshotels*, 757 P.2d 1090 (Colo.App.1988).

The trial court received expert evidence that a road, in conformity with local regulations, could be designed and constructed wholly within plaintiffs' property from the southwest to the northeast parcels. Hence, the trial court's conclusion that plaintiffs had not shown the required necessity for the way is adequately supported by the record, and thus, it will not be disturbed on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## II.

■ Plaintiffs also argue that the trial court erred in denying the easement on the grounds that they were strangers to the October 1989 deed from the estate to the Blakes and that it further erred in considering evidence extrinsic to the deed to ascertain the grantor estate's intent. We agree.

■ Restatement of Property § 472 (1944) provides that, by a single instrument, a grantor may create an estate in one person and an easement in another. Comment b to that Restatement section explains:

Thus an easement may be created in C by a deed by A which purports to convey Blackacre to B in fee reserving an easement to C. If, in other respects, the necessary formalities for the creation of an easement are complied with, such a reservation operates as an effective conveyance to the person in whose favor the reservation is, in terms, made.

The Restatement's purpose is apparently to give effect to the grantor's discernable intent. *See* Annot., 88 A.L.R.2d 1199 (1963).

The Restatement's position is contrary to the traditional rule that, in a deed, neither a reservation nor an exception in favor of a stranger to the conveyance can create in the stranger any title, right, or interest in the land conveyed. The rule is based on the ancient, technical definitions of exceptions and reservations which provide that since a stranger has no interest in the land to be excepted from or reserved by the grant, the stranger can receive no interest under the deed. *See* Annot., 88 A.L.R.2d 1199 (1963).

In order to give effect to the intent of the grantor, however, an exception to the traditional rule has been created in several jurisdictions. *See Willard v. First Church of Christ Scientist*, 7 Cal.3d 473, 102 Cal.Rptr. 739, 498 P.2d 987 (1972) (noting that the traditional rule had been avoided by the California courts if its application would have frustrated the clear intent of the grantor); *Mott v. Stanlake*, 63 Mich.App. 440, 234 N.W.2d 667 (1975) (noting that an express provision for third parties indicates that an easement clause in a deed was intended to be an exception and not a reservation and renders the traditional rule virtually meaningless); *Medhus v. Dutter*, 184 Mont. 437, 603 P.2d 669 (1979) (without adopting the Restatement rule, the court noted that it would decline to follow the traditional rule if the intent of the grantor was clear).

Although this question has not been addressed previously in Colorado, the distinction between an exception and a reservation—upon which the rationale for the traditional rule rests—has been recognized. The supreme court has noted, however, that these terms often are used interchangeably without any intent to preserve their technical meanings. Thus, the historical distinction has been found to be without significance when the deed itself unambiguously manifests the intent of the parties. *See O'Brien v. Village Land Co.*, 794 P.2d 246 (Colo.1990).

Because the traditional rule has never been adopted as part of the case law in Colorado, because the distinction between reservation and exception has been diminish-

ed, and because primacy should always be given to the intent of the parties to a deed, we conclude that we should construe the deed provisions here in light of the Restatement rule. *See O'Brien v. Village Land Co., supra; Corlett v. Cox*, 138 Colo. 325, 333 P.2d 619 (1958); *see also Aszmus v. Nelson*, 743 P.2d 377 (Alaska 1987) (refusing to adopt traditional rule and finding the Restatement position preferable); *Katkish v. Pearce*, 490 A.2d 626 (D.C.App.1985) (finding that the Restatement rule is a more enlightened view than the traditional rule); *Townsend v. Cable*, 378 S.W.2d 806 (Ky.1964) (finding the traditional rule entirely inconsistent with the principle of determining the intent of the grantor from the four corners of the deed); *Borough of Wildwood Crest v. Smith*, 210 N.J.Super. 127, 509 A.2d 252 (1986) (adopting the Restatement rule as preferable to the traditional rule); *Malloy v. Boettcher*, 334 N.W.2d 8 (N.D.1983) (finding that application of the traditional rule could operate to defeat the obvious intent of the grantor); *Zurn Industries, Inc. v. Lawyers Title Insurance Corp.*, 33 Ohio App.3d 59, 514 N.E.2d 447 (1986) (pronouncing Restatement rule a more enlightened approach); *Simpson v. Kistler Investment Co.*, 713 P.2d 751 (Wyo.1986) (repealing traditional rule in favor of "more enlightened approach" requiring that grantor's intent should control).

Here, the trial court indicated that, under the traditional rule, plaintiffs' claim for an express easement under the October 1989 deed to the Blakes was precluded. The court then acknowledged that an exception to the traditional rule might be applicable if the grantor's intent to create an easement in favor of plaintiffs' predecessor was apparent. The court found that the Blakes' grantor did not so intend, but based this determination primarily upon the facts and circumstances surrounding the estate's conveyance to the Blakes, rather than upon an analysis of the deed language.

The Blakes contend that, because an essential element of any valid deed is identification of the grantee, and, because the October 1989 deed does not identify any grantee but the Blakes, the trial court was entitled to rely upon extrinsic evidence to determine whether an easement to third parties was intended. Under the circumstances here, we do not agree.

■ Extrinsic evidence should not be considered if the intent of the parties is discernable from the deed itself. *See Appling v. Federal Land Bank*, 816 P.2d 297 (Colo.App. 1991).

■ Here, contrary to the Blakes' contention, the description of the easement and its purpose, as well as whom it was to benefit, are apparent from the document itself. Although no particular person or entity is identified, the deed describes in detail both the easement and the dominant estate to be served. *See Brademas v. Hartwig*, 175 Ind. App. 4, 369 N.E.2d 954 (1977) (adopting Restatement rule and finding the description of property in deed sufficient to designate a dominant estate to be served by the easement); *Pennsylvania Game Commission v. Bowman*, 81 Pa.Commw. 381, 474 A.2d 383 (1984) (finding description of property in deed sufficient to create easement in favor of owners of adjoining lots).

Specifically, the deed language describes a 30–foot–wide easement centered on "dirt roads with a use history in April, 1989, within the southeast one-quarter of said Section 5, for service to all property serviced in April 1989, in or [through] the east half of said Section 5 or the southwest one-quarter of Section 4 to the east.... Said [30–foot] easement to connect to the 'public road' or access in the southwest corner of the southeast one-quarter of said Section 5." The deed delineates the easement created as one in existing dirt roads in the southeast one-quarter of section 5. This easement is further limited to those roads having a use history in April 1989. The use of the easement is then designated as connecting with the public road in the southwest corner of the southeast one-quarter of section 5.

The deed then describes the estates to be served by the easement as the east half of section 5 and the southwest one-quarter of section 4 which were serviced by such dirt roads in April 1989. The east half of section 5 contains land which was owned by plaintiffs' predecessor at the time of the conveyance to the Blakes as well as land owned by

the Howell estate. Section 4, at the time of the conveyance, was not owned by the Howell estate.

By its plain language, the deed sufficiently describes the dominant estates to be served by the easement as the southwest one-quarter of section 4 and the east half of section 5. Therefore, extrinsic evidence should not have been considered to limit the dominant estate to only that portion of section 5 owned by the Howell estate at the time of the conveyance to the Blakes.

Consequently, we reverse the judgment of the trial court and hold that, if there is any dirt road within the southeast one-quarter of section 5 which had a use history and serviced the plaintiffs' property in the east half of section 5 in April 1989, the deed creates an easement over that road to connect with the public road in the southwest corner of the southeast one-quarter of section 5.

At trial, plaintiffs presented evidence, *inter alia*, that there was a dirt road within the southeast one-quarter of section 5 which crossed from their property into the Blakes' property. Because of its disposition of the issue, however, the trial court did not make any factual findings as to its existence or use history in April 1989.

Accordingly, we must remand the case to the trial court for this factual determination. If it finds that the plaintiffs have proven the existence of such a dirt road and the necessary use history, it should then enter judgment granting plaintiffs an easement, pursuant to the express terms of the deed, in any portion of that dirt road within the southeast one-quarter of section 5 to connect with the public road in the southwest corner of the southeast one-quarter of section 5.

The judgment is affirmed insofar as it denied an easement by necessity. It is reversed insofar as it denied an easement under the 1989 deed, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG, C.J., and KAPELKE, J., concur.